SOUTHERN ORCHARD PLANTING COMPANY *v.* GORE.

Opinion delivered May 20, 1997.

1. CONSTABLE—LIABILITY ON BOND—SUFFICIENCY OF COMPLAINT.—A complaint in an action on a constable's bond which alleges that the constable levied upon certain property under writ of replevin in plaintiff's favor and thereafter negligently permitted the property to be lost, so it could not be delivered to plaintiff as required by law, whereby plaintiff was deprived of its value, was defective in failing to allege that plaintiff had executed bond as required by section 6857, Kirby's Digest, entitling him to a delivery of the property. (Page 79.)

2. PLEADING—LEGAL CONCLUSION.—An allegation, in a complaint on a constable's bond, that the constable failed to deliver the property to plaintiff "as required by law" can not be taken as a statement that the plaintiff had given bond as required by law, such allegation being a statement of a legal conclusion, and not of a fact. (Page 80.)

3. CONSTABLE'S BOND—SUFFICIENCY OF COMPLAINT.—A complaint in an action on a constable's bond which alleges that the constable levied a writ of replevin in plaintiff's favor upon certain property, and then permitted the property to be lost, was defective in failing to state that the original action has been prosecuted to final judgment. (Page 80.)

Appeal from Sevier Circuit Court; *James S. Steel,* Judge; affirmed.

*J. S. Lake,* for appellant.

In replevin, where bond is not executed by the defendant within two days, it is the duty of the constable or sheriff to deliver the property to the plaintiff. Kirby's Digest, § 6863. From the moment of seizure by the sheriff or constable the property taken in replevin is *in custodia legis,* and the officer serving the process is responsible for its safekeeping. 77 Ark. 497; Cobbey on Rep. § 706; 10 Pet. (U. S.) 40. After seizure of the property, the officer became privy to the prosecution of the suit, and could only exempt himself from liability for loss of the property by showing that he had made such disposition thereof as the law directs, or that its loss was not due to his negligence. 2 Mich. 272; 13 Johns. (N. Y.) 580. The defendant having failed to give bond, the law contemplates that the property remain after seizure in the hands of the sheriff until turned over to the plaintiff. Kirby's Digest, *supra;* 68

Ark. 320. And he is liable for its custody until bond is given by the defendant. Cobbey on Rep. § 711. Plaintiff was entitled to its possession. *Id.* § § 712, 721.

*Otis T. Wingo*, for appellees.

1. The complaint is insufficient in that it does not allege that the appellant, as plaintiff in the replevin suit, executed and tendered to the appellee a bond as required by the statute. 14 Ark. 264; Kirby's Digest, § 6857; 52 Ark. 360.

2. It is also insufficient in that it does not allege that appellant prosecuted its action to final judgment, and that such judgment was in its favor. Cobbey on Rep. § 712; 68 Ark. 325; 11 Cal. 262; 9 Metc. 440; 10 Pet. 400.

McCULLOCH, J. This is an action instituted by appellant against R. B. Gore and the sureties on his official bond as constable to recover the value of a bale of cotton alleged to be the property of the plaintiff. It is alleged in the complaint that the plaintiff had instituted an action in replevin before a justice of the peace against one Harris for the recovery of a bale of cotton, and had caused an order of delivery to be issued in due form and delivered to the constable. The complaint then proceeds as follows:

"That, in the execution of said order of delivery, the said R. B. Gore, as constable aforesaid, located and seized said bale of cotton, and thereafter negligently and carelessly permitted the same to be taken from his custody as such constable and removed and concealed, so that the same could not be and was by said constable not delivered to the plaintiff, as required by law. That, by reason of said negligent conduct of said constable, the said cotton was lost to plaintiff, and it was deprived of the value thereof, to its damage in the sum of $45, the value of said cotton, and the further sum of $10 costs and other expenses incurred."

The court sustained a demurrer to this complaint, and the plaintiff appealed.

It will be observed that the complaint contains no allegation to the effect that the plaintiff in the original suit had given bond in accordance with the statute for the delivery of the property in controversy. And it is urged that the complaint was

defective in this respect. We think that position is well taken. The statute (sec. 6857, Kirby's Digest) provides that "the order shall not be complied with by the sheriff until there has been executed in his presence by one or more sufficient sureties of the plaintiff a bond to the defendant to the effect that the plaintiff shall duly prosecute the action, and that he shall perform the judgment of the court," etc. A plaintiff in a replevin suit has no right, therefore, to demand execution of an order of delivery, or, even where the officer has taken the property in his possession, to demand a delivery of it to him without having given the bond prescribed by law. This court in *State* v. *Stephens,* 14 Ark. 264, said that in a replevin suit the officer "exceeded his power and authority in taking the slaves into his possession without having received the bond intended for the protection and security of the defendant, and that, having done so, he was under no obligation to retain the property so taken; indeed, it was his duty to at once restore it to the defendant." It necessarily follows from this that where no bond was given the plaintiff is in no position to complain of the failure to deliver the property to him.

It is said that the complaint, by stating that the constable failed to deliver the property to the plaintiff "as required by law," inferentially alleged that the law had been complied with, and that this constituted a defective statement of the cause of action, which should have been met by a motion to make more definite, and not by demurrer. We do not think that this allegation can be construed to be in effect a statement that the plaintiff had given bond. To say that the constable had failed to deliver the property as required by law was merely a statement of a legal conclusion, and not of a fact. This statement therefore did not aid the complaint.

The complaint is defective also in failing to state that the original action has been prosecuted to a final judgment. Personal property taken by an officer under an order of delivery becomes from that moment *in custodia legis.* *Hearn* v. *Ayres,* 77 Ark. 497, and authorities cited. From that moment all the parties to the action, including the officer who has the property in custody as well as the parties plaintiff and defendant, are conclusively bound by the adjudication of the court in that ac-

tion.   During the pendency of that action all parties must await its termination before asserting title against each other in an independent action.   It is true that, if bond be not given by the plaintiff and the property be not held by the officer under a writ, the pendency of the action would not preclude either party from suing the officer independently for a conversion of the property or for failure to execute process; but the complaint in this case can not be construed as stating such a cause of action.   The plaintiff does not sue the constable for a conversion of the property, but undertakes to institute a cause of action against him and the sureties on his official bond for failure to discharge his duties as such officer.   We hold that the complaint does not state a cause of action, and the court properly sustained the demurrer thereto.

Affirmed.

HILL, C. J., dissenting.