## LOTT *v.* PORTER.

### Opinion delivered December 19, 1910.

1. PLEADING—ANSWER—SUFFICIENCY.—An answer which denies that plaintiff "has any legal right to sue in said action" is not a denial of a statement of fact, but merely states a conclusion of law, and presents no defense. (Page 98.)

2. ATTACHMENT—LIABILITY OF SURETIES ON BOND.—Where, in a suit by the trustee in bankruptcy of a vendor to enforce specific attachment for the purchase money of a chattel, the defendant, to retain the property, gave a bond conditioned that he would perform the judgment of the court, which was that defendant should pay the purchase money, the sureties upon such bond can not set up the defense that the vendor had, before the adjudication of bankruptcy, released his claim upon the chattel, as the bond is an absolute obligation to pay the court's judgment, and can not be avoided by proof that the property was not subject to the attachment lien. (Page 98.)

3. SAME—LIABILITY ON BOND—MISREPRESENTATION OF OBLIGEE.—Sureties sued upon a bond conditioned that the principal shall perform the judgment of the court in an action of attachment can not set up that they signed the bond without reading it upon plaintiff's representation that they would not be liable if the attachment was dissolved, without showing that they had a right to rely upon the plaintiff's superior knowledge. (Page 99.)

Appeal from Independence Circuit Court; *Charles Coffin,* Judge; affirmed.

*Samuel A. Moore,* for appellants.

Appellee *pro se.*

McCULLOCH, C. J. Appellee, H. G. Porter, trustee of the estate of Anderson Paden, bankrupt, instituted an action before a justice of the peace against appellant Jno. R. Lott to recover judgment on a promissory note for $250 alleged to have been executed by Lott for the purchase price of a team of mules, a wagon and set of harness. At the commencement of the action, an order was issued, pursuant to statute, directing the sheriff or other officer to take said property and hold same subject to the orders of the court. Appellant Lott, together with his co-appellants, H. T. Barnhill and Geo. F. Crosser, as sureties, executed a bond, as provided by statute, for the retention of the property, said bond being in the following form: "We undertake and are bound to the plaintiff, H. G. Porter, as trustee of the estate of Anderson Paden, a bankrupt, in the sum of two hundred and fifty dollars, that the defendant, Jno. R. Lott, shall perform the judgment of the court herein."

On appeal to the circuit court judgment was rendered in favor of appellee against appellant Lott for the amount of the note, and appellee then instituted the present action on said bond against appellants. Appellants filed their answer, to which the court sustained a demurrer, and, as they declined to amend or plead further, the court rendered judgment for the amount of the bond.

The first paragraph of the answer contains simply a denial that "plaintiff is the legal trustee of the estate of Anderson Paden, a bankrupt; deny that he has any legal right to sue in said action." This does not constitute a denial of a statement of facts, but merely states a conclusion of law, and therefore presents no defense. *Southern Orchard Planting Co.* v. *Gore,* 83 Ark. 78.

In the second paragraph of the answer it is stated in substance that Paden, the bankrupt, had before the adjudication of bankruptcy released his lien or claim against the mules and agreed that appellant Lott could sell the same. This paragraph pre-

sented no defense to an action on the bond, for the reason that the statute does not create a lien, but merely gives a remedy against the original vendee in a suit to recover the purchase price of personal property still in the hands of the vendee. *Bridgeford* v. *Adams,* 45 Ark. 136; *Fox* v. *Arkansas Industrial Co.,* 52 Ark. 450. The bond is an absolute obligation to pay the judgment of the court, and cannot be avoided by showing that the property had passed out of the hands of the vendee, and was not subject to be taken under the order of the court directing the officer to take it from the possession of the vendee. *Mayfield* v. *Creamer,* 39 Ark. 460. The execution and approval of the bond discharged the court's order of sequestration, and left, as the only issue in the case to be tried, the question of the defendant's alleged indebtedness to the plaintiff.

In the third paragraph of the answer it is stated that the bond sued on was given as a delivery bond, "with the full understanding that if the attachment suit was dissolved said bond would be null and void." The fourth paragraph states that "defendant signed said bond with the understanding that it was only a delivery bond, and with the distinct undertanding between plaintiff and said defendants that, in case the attachment was dissolved, the bond should become null and void; that they signed said bond without reading same, relying absolutely on the representations of plaintiff that the bond was only a forthcoming bond—that is, that they were to have the property at said trial subject to the orders of the court and with the full understanding that, if the attachment was not sustained, the bond would not be of any effect."

We conclude that neither of these paragraphs stated any defense to the action. They do not contain allegations that the plaintiff made false representations to the defendants as to the contents of the writing. It was not the business of the plaintiff in that action to take the bond; as that duty fell to the officer who executed the writ and took charge of the property. The allegation can only be construed, putting it in the strongest light favorable to appellants, as stating that appellee misrepresented the legal effect of the bond; and as the answer does not state facts showing any reason why the appellants had a right to rely upon any superior knowledge of appellee on this subject,

it constitutes no defense to say that they did rely upon a false statement as to the legal effect of the bond.

No error was committed in sustaining the demurrer, so the judgment is affirmed.