NEELY *v.* LEE WILSON & CO.

Opinion delivered December 11, 1916.

1.  SERVICE OF SUMMONS—SUFFICIENCY OF PROOF.—The officer's return of service is *prima facie* true, and under the facts, although service was denied, *held*, that the finding of the chancellor that the defendant had been served would not be disturbed.

2.  APPEAL AND ERROR—MATTERS IN DEFENSE MUST BE SET UP, WHEN.— Appellant's lands were sold under foreclosure at the suit of a drainage district. In an action to set aside the sale, *held*, appellant cannot set up defects which should have been pleaded in the original foreclosure suit.

3. JUDICIAL SALES—DEFECTS—CONFIRMATION.—All irregularities in a judicial sale, which are not jurisdictional, will be cured by a confirmation thereof.

4. JUDICIAL SALES—DECREE—FAILURE TO SET OUT TERMS OF SALE.— The failure to set out the terms of a judicial sale, in the decree, is not jurisdictional.

Appeal from Mississippi Chancery Court; *Chas. D. Frierson*, Chancellor; affirmed.

STATEMENT BY THE COURT.

On September 17, 1915, appellant brought this suit to set aside a decree of foreclosure, and a sale and deed made thereunder, alleging that appellant was not summoned in said cause; that the assessment, the basis of the suit, was void; that the county court did not sufficiently define the district and that the decree was illegal on its face.

The decree of foreclosure failed to specifically order the land to be sold on a credit of three months and it did not recite that service was had in accordance with law. It in substance found that the levy of the assessments was made in accordance with law, the amount of the assessment, and declared it a lien on the land described as "Northeast quarter, Sec. 18, Township 12 North, Range 10 East;" appointed a commissioner and ordered him to sell the land after advertising the same for the length of time prescribed by law, to satisfy said lien. This decree was rendered on October 8, 1906. The commissioner of the court sold said land on December 4, 1908, and the appellee purchased it. The sale was reported and confirmed by the court on October 6, 1909.

The deed recited that the original decree ordered the land sold to the highest bidder for cash. The report of the sale showed that it was sold on a credit of three months. The sheriff's return in the foreclosure suit showed that appellant was served.

On August 24, 1911, Lee Wilson & Co., the purchaser at the sale. filed application for a writ of assistance to obtain possession of said real estate. Notice of the application was given to Baltimore Neely

on August 25, 1911, and on September 20, 1911, the court ordered the writ issued. The writ was issued July 24, 1915, and on that date Baltimore Neely was dispossessed of the land by the sheriff.

The drainage district was established under Secs. 1414, 1450, Kirby's Digest. The description of the land in the original proceedings for the establishment of the district failed to set out that it was in Mississippi county and failed to show that it was North Township and East Range and the assessment was indicated by the figures "187.20," under the heading "amount assessed." In the original assessment "160" appears, under the heading "affected ben. assessed."

The chancellor at the February term, 1916, of the chancery court of the Osceola District of Mississippi county, Arkansas, found against appellant, and dismissed his bill seeking to cancel said judgment, and the appellant excepted and appealed the cause to this court.

Such other facts as may be necessary in passing upon the questions involved will be set out in the opinion.

*H. N. Moon*, of Memphis, Tenn., for appellant.

1. No service was had in the foreclosure suit. The return of the officer is *prima facie* evidence of what it recites, and may be set aside by sufficient proof that it is not true. 102 Ark. 252; 62 *Id.* 323.

2. The assessment was void for uncertainty.

3. The district is not sufficiently defined. 105 Ark. 392.

4. The decree is illegal on its face as it does not provide the terms of sale. Kirby's Digest, § 6236; 37 Ark. 43; 43 Fla. 461; 31 Cal. 619; 12 Mont. 510. Confirmation did not cure. 12 Mont. 510; 104 Ark. 567.

5. Appellant was not guilty of laches. 5 Words & Phr. 3969; 106 Ala. 535; 13 Gantt (Va.) 354, 362; 9 Eq. L. R. 44, 50; 96 Tenn. 285-7; 103 Ark. 254.

*Coleman, Lewis & Cunningham*, for appellees.

1. This is a collateral attack on a decree. Appellant was duly served. 105 Ark. 5; 101 *Id.* 390; 79 *Id.* 16; 50 *Id.* 338; 102 *Id.* 252.

2. The assessment is not void on collateral attack. 94 Ark. 519; 101 *Id.* 390.

3. The boundaries of the district are sufficiently described. The decree is not void on its face. The land was sold on three months' credit, was reported and confirmed. This cured all irregularities and the sale cannot be attacked collaterally. 37 Ark. 43; 90 *Id.* 166; 83 *Id.* 154; 64 *Id.* 126; 84 *Id.* 277.

4. Appellant was barred by laches.

HUMPHREYS, J. (after stating the facts). It is strenuously insisted that the foreclosure decree should be cancelled and appellant restored to the possession of his property, for the reason that no service was had upon him in the foreclosure suit.

(1). Appellant is confronted with a return by the sheriff, through his deputy, that he was served in this case. In addition, Mr. S. L. Gladish testified that Neely employed him in the case and that he did represent him for a time. The decree itself recites that appellant at the time of its rendition, excepted to the ruling of the court and prayed an appeal to the Supreme Court, which was granted. There are other circumstances tending to show that appellant had been served. The sheriff and his deputy are now dead and cannot testify. Neely himself denies service and is corroborated in his statement to some extent by Jennie Neely, who was his constant companion. In the case of *Holman* v. *Lowrance*, 102 Ark. 255, the court said: "The officer's return of service is *prima facie* true, and the chancellor found, upon conflicting evidence, that appellant was duly notified of the pendency of the suit * * *." We think on the question of service, the instant case a stronger one than *Holman* v. *Lowrance*. The finding of the chancellor that service was had upon him in the original foreclosure suit is sustained by the weight of the evidence.

(2). The insufficient description of the lands complained of by appellant relates to the original proceedings establishing the drainage district. It was appel-

lant's duty when made a party to the foreclosure suit, to set up all his defenses against the organization of said drainage district. The errors and irregularities in the original organization of the district are not matters for consideration in this bill of review.

We do not understand that any contention is made that the description of the land in the foreclosure decree is insufficient. The description of said real estate in said foreclosure decree is definite and certain.

The statute of Arkansas provides that judicial sales must be on terms of credit, "not less than three months." Kirby's Digest, Sec. 6236. The foreclosure decree failed to specify the terms upon which the land should sell. Counsel for appellant claims that *Fry* v. *Street*, 37 Ark. 39, is a case on all fours with the case at bar. That is a direct appeal from the decree of foreclosure before the sale was made, reported and confirmed. In the case at bar, the land was sold on three months' credit and the sale was reported and confirmed. The appellant appealed from the foreclosure decree, but failed to prosecute his appeal. The cases are quite different.

(3-4). Jurisdictional errors in a decree ordering the sale of land, cannot be cured by confirmation of the sale. The failure to set out the terms of sale in a decree is in no sense jurisdictional. All irregularities not jurisdictional will be cured by confirmation of the sale. The confirmation of sale in the case at bar cured this defect. There being no error in the findings and decree of the chancellor, the decree is in all things affirmed.