LUCK *v.* MAGNOLIA-MCNEIL ROAD IMPROVEMENT DISTRICT
No. 1.

Opinion delivered January 19, 1920.

1. HIGHWAYS—PROCEEDING TO FORM DISTRICT.—The organization of a road improvement district under Acts 1915, page 1400, is in the nature of a public proceeding *in rem* against all the land within the district upon notice to all property owners, who are accorded an opportunity to appear and defend against organization of the district, and any party not appealing from the order of the county court within the time fixed by the act will be deemed to have relinquished any right to question the same.

2. HIGHWAYS — MISREPRESENTATIONS — RIGHT TO OBJECT.—Property owners who have failed to appeal from an order organizing a road district, and to withdraw their names from the petition, can not attack the organization of the district in equity upon the ground of fraud, deceit or misrepresentations as to the cost of the improvement made by persons circulating petitions for the improvement.

Appeal from Columbia Chancery Court; *James M. Barker,* Chancellor; affirmed.

*Gaughan & Sifford,* for appellants.

1. The court erred in dismissing the bill, as the allegations constitute a fraud upon the rights of appellants which should be relieved against in equity and the fraud was not discovered until after the order was made in county court and the time elapsed for appeal.

The misrepresentations set forth, if made, and they were, constituted a fraud upon the rights of plaintiffs. Freeman on Judg. (3 Ed.), ch. 6, p. 99; 107 Ark. 136; 194 S. W. 499; 90 Ark. 591, 261, 166; 75 *Id.* 415.

2. The chancery court had jurisdiction. Cases *supra.* Under Act 338, Acts 1915, both notice and bond requisites were complied with. No motion was made to give bond and it was waived. The demurrer should have been overruled and the cause heard upon its merits.

*McKay & Smith,* for appellee.

1. The chancery court was without jurisdiction. The petition was presented after notice had been given as

required by law and the order made and no appeal was taken. 19 S. W. 220. No bond was filed.

2. The alleged misrepresentations if made were not sufficient to constitute fraud for which the order establishing the district could be annulled. 15 R. C. L., par. 329. No fraud was practiced on the court in procuring the order. 75 Ark. 416; 90 *Id.* 167; 68 *Id.* 492; 73 *Id.* 440; 107 *Id.* 136. The fraud must be in stating existing facts, not mere promises as to future acts. 20 Cyc. 20; 180 S. W. 333; 95 Ark. 375; 2 Pom. Eq. Jur. 878. Petitioners had no right to rely on the statements or promises made. 185 S. W. 268; 196 *Id.* 801. The means of information were equally open to all the parties. 95 Ark. 523. The misrepresentations did not relate to any matter of inducement to the making of the contract, etc. If appellants, with all the information before them, relied upon statements made with inquiry or attention they must abide the consequences. 95 Ark. 375; 71 *Id.* 91; 46 *Id.* 245; 2 Pom. Eq. Jur. 891.

HUMPHREYS, J. Appellants instituted suit against appellee in the Columbia Chancery Court to dissolve the district and enjoin its commissioners from selling bonds, letting the contract and constructing a road or improvements. It was alleged, in substance, in the bill that appellants, land owners in the district, were induced to sign the original petition for the organization of the district upon the representation that the contemplated improvement would not cost more than four or five cents an acre per year, covering a period of twenty years, on the lands embraced in the district, and that more than seven cents an acre per annum for that period would not be assessed against said lands embraced within said district; that their signatures were necessary to form the district; that, after the formation of the district and assessment of benefits and the time had expired for taking an appeal provided in the act, under which the district was created, appellants discovered that the improvements contemplated would cost and an assessment required of twenty-five cents an acre per annum for twenty years on the

lands embraced in the district; that the misrepresentation as to the cost of the improvement and maximum assessment that would be made on their lands constituted a fraud upon the rights of appellants.

Appellee challenged the sufficiency of the complaint on demurrer.

The court sustained the demurrer, and, appellants refusing to plead further, dismissed the bill for want of equity, from which action of the court an appeal has been duly prosecuted to this court.

It is insisted by appellant that the court erred in dismissing the bill for the reason that the allegations in the bill constitute a fraud upon the rights of the appellants which should be relieved against by the chancery court. The organization of an improvement district under the act in question is in the nature of a public proceeding before the county court *in rem* against all the real estate within the limits of the proposed district upon notice to all the property owners therein. Every property owner within the boundaries of the district is accorded an opportunity to appear and defend against the organization of the district at the time fixed for hearing in the order and notice. The penalty prescribed for not appealing from the order within the time fixed by the act is set forth in section 3 of said act and is as follows: "Any party not appealing within the time prescribed shall be deemed to have waived any objections he may have had to said order, and to have relinquished all rights he may have had to question same."

It is urged that the fraud alleged was not discovered until after the order was made and the time had elapsed for taking an appeal, and that, for this reason, relief may be had in a court of equity. The contention is not sound, for, in matters of a public nature, the parties required to determine them must inform themselves in advance and at the proper source. The doctrine invoked by appellants for the cancellation of private contracts upon discovery of fraud has no application in matters of this character. It was alleged in appellants' bill that the mis-

representations were made to them by parties circulating the petitions. Even if appellants were not precluded from attacking the district under the general rule announced above, their allegations would be insufficient because they obtained their information from the wrong source under the act in question and had no right to rely upon it. Under act 338 of the Acts of the General Assembly of 1915, under which the district was organized, it is provided that before petitions are circulated for signatures of land owners in a proposed district, in order to determine the feasibility and cost of any road improvement district therein, there shall be filed in the county court of said county preliminary surveys, plans, specifications and estimates of the cost of the proposed road or improvement. The purpose of this requirement in the act, as said in the case of *Lamberson* v. *Collins*, 123 Ark. 205, was "to provide an appropriate scheme for advising the land owners of the character of the improvements to be undertaken, and the cost thereof, so that they could act upon the petitions intelligently." The act itself protects the property owners from such frauds as are alleged in the bill, if taken advantage of at the proper time. It is provided in section 2 of said act that persons who sign the original petition for the formation of an improvement district may withdraw their names from the petition for valid reasons, if made in writing at the time the petition is presented to the county court for hearing. This court construed what valid reasons were within the meaning of the act in the case of *Echols* v. *Trice,* 130 Ark. 97, saying that they consist of fraud, deceit, misrepresentation or duress.

Appellants having failed to appeal from the order creating the district within the time prescribed by the act, and having failed to withdraw their names from the petition for valid reasons at the time fixed by the act, are now without a remedy in any other court to attack the creation of the district on the ground of fraud, deceit or misrepresentation, as alleged in their complaint.

No error appearing, the decree dismissing the bill for want of equity is affirmed.