PHARR *v.* KNOX.

Opinion delivered July 5, 1920.

1. PLEADING—ALLEGATION OF FRAUD.—A general averment in a complaint that an order creating a road district "was procured by fraud, collusion and mistake" is insufficient; the facts constituting the charge must be distinctly and specifically averred.

2. HIGHWAYS—SIGNING OF PETITION BY INSANE PERSON.—The signing by an insane person of a petition for the creation of a road district under Acts 1915, p. 1400, would not *per se* render an order creating the district void.

3. HIGHWAYS—CHANGE IN PLANS.—A change in the original plans of a highway organized under Acts 1915, p. 1400, made without notice to the land owners, would not invalidate the order establishing the district unless the change was material.

4. HIGHWAYS—ORDER ESTABLISHING IMPROVEMENT DISTRICT—COLLATERAL ATTACK.—An order establishing a road district under Acts 1915, p. 1400, is not subject to collateral attack by bill in equity upon the ground that the petition of land owners did not have a majority in numbers, acreage or value.

5. HIGHWAYS—ASSESSMENTS—RELIEF IN EQUITY.—Since the Alexander Road Law itself furnishes a complete and adequate remedy at law to the taxpayer, no relief against assessments thereunder can be had in equity by parties to a proceeding creating a road district.

6. HIGHWAYS—ASSESSMENTS—FRAUDULENT REPRESENTATIONS.—Taxpayers in a road district organized under the Alexander Road Law are not entitled to relief against assessments on the ground of false and fraudulent representations made to them, since the act itself provides an appropriate scheme for advising the land owners of the character of the improvement to be undertaken and the cost thereof.

Appeal from Lincoln Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Thos. W. Raines,* for appellants.

The court erred in sustaining the demurrer and dismissing the complaint. (1) The complaint as amended set up a cause of action cognizable in equity, and (2) the court erred in sustaining the demurrer. Art. 16, § 13, Const. 1874; 93 Ark. 336; 104 *Id.* 16; 88 *Id.* 353. Fraud and collusion were alleged in obtaining the judgment of the county court. Certiorari nor prohibition would lie. 30 Ark. 101. The judgment was *in rem,* and can be impeached for want of jurisdiction. 48 Ark. 151. The petition was jurisdictional, and it was alleged that it was obtained through fraud and misrepresentations, rendering it void. The demurrer admitted that the order was void. A plain ground of equity jurisdiction was made out—a multiplicity of suits avoided. 30 Ark. 101; 54 *Id.* 645. The court erred in sustaining the demurrer. The amended complaint sets up a cause of action in equity.

*A. J. Johnson,* for appellee.

The proceedings are not invalid, null and void. The bill contains only general charges of fraud, etc., without specifying in what the fraud, etc., was, and states no cause of action which gave the court jurisdiction. 51 Ark. 1; 77 *Id.* 355. Appellants were all parties to the proceedings and judgment in the county court. 47 Ark. 440; 98 *Id.* 345. There were no specific statements of facts in the complaint to give the court jurisdiction. Appellants should have appealed, as they were parties. They did not, and it is now too late. 191 S. W. 220. The complaint was properly dismissed.

WOOD, J. This action was instituted by appellants against the appellees. The appellees were commissioners of a road district established by the county court of Lincoln County under act 338 of the Acts of 1915, called the Alexander Road Law.

The complaint alleged that the road improvement district and the proceedings thereof were invalid, for the following reasons, towit:

1. "That the order or judgment of the said Lincoln County Court creating and establishing said road improvement district was procured by fraud, collusion and mistake."

2. "That the name of W. H. Atkinson appears on said petition, although the said Atkinson has been adjudged insane by a court of competent jurisdiction, and was laboring under the disability of insanity at the time of the alleged signing of said petition."

3. "That the board of commissioners of said road improvement district altered and changed the original plans on which said benefit assessments were made, without notice to the landowners in said district, contrary to the provisions of section 16 of said act No. 338."

4. "That said county court was without jurisdiction, for the reason that said petition did not have a majority in numbers, acreage or value."

The complaint set up that the plaintiffs and other taxpayers of the district had no adequate remedy at law; that the commissioners of the district had caused a special assessment to be placed against all real estate in the district and filed the same in the county clerk's office in Lincoln County, and that same would become a lien on the lands in the district. Plaintiffs prayed for a restraining order restraining the taxing officers from collecting the taxes assessed against the lands in the district and that the commissioners be perpetually enjoined from carrying out the contract which had been entered into for the construction of the highway. Attached to the complaint were affidavits of two persons. One of the affiants stated that he was a landowner in the district and knew that Leander Boyd, whose name appeared on the original petition for the establishment of the district, had never owned any land in the district, and that the promoters knew such fact at the time of the signing of the petition by Boyd; that affiant knew that there were other names on the petition who did not own real estate in the district. The other affiant stated that he had signed the petition for the creation of the district; that he did so upon the

representation of the county judge that the cost per acre on the land for the improvement would not exceed the sum of seven cents per acre for the third mile, ten cents per acre for the second mile, and thirteen cents per acre for the first mile; that these representations were false and fraudulent; that the county judge knew at the time that the improvement would exceed this amount. Affiant stated that he relied on the representations and signed the petition to his own injury; that he relied on the statements of the county judge as a county official; that the cost of making the improvement had already exceeded the amount stated as shown by the assessments made against affiant's lands and the other lands in the district.

The appellees filed a general demurrer to the complaint. The cause was heard upon the demurrer, and the court entered a judgment sustaining the same and dismissing the appellants' complaint, from which judgment is this appeal.

It will be seen that appellants challenged the validity of the district upon four grounds.

As their first ground they say that the order creating the district was "procured by fraud, collusion, and mistake." These are only general allegations. "General averments amount to nothing unless the facts constituting the charge are distinctly and specifically averred." *Twombley* v. *Kimbrough*, 24 Ark. 459; *McIlroy* v. *Buckner*, 35 Ark. 555, and other cases cited in 3 Crawford's Digest, page 2299, "Fraud." See also *McCloud* v. *Griffls*, 51 Ark. 1; *Nelson* v. *Cowling*, 77 Ark. 355.

The second and third grounds are likewise too general. They do not allege facts from which the conclusion necessarily follows that the order establishing the district is invalid. The signing of a petition for the creation of the district by an insane person would not *per se* render the order creating the district invalid. Neither would the change in the original plans without notice to the land owners render the order invalid, for such change might be wholly immaterial.

The fourth ground could not be made the basis for a suit in equity for setting aside the judgment of the county court creating the district. This ground constituted but a collateral attack upon the judgment of the county court creating the district, which is expressly forbidden by section 3 of the act under which the district was created. See also section 14.

The appellants were all parties to the proceedings, and some of them signed the petition. The act itself, under which this district was created, furnished appellants a complete and adequate remedy at law. See *Chapman & Dewey Land Co.* v. *Road Imp. Dist.*, 127 Ark. 318.

The alleged false and fraudulent representations, set up by one of the affiants, upon which signatures to the petition are said to have been obtained, were not statements of past or existing facts and were not such fraudulent representations as entitled appellants to have the judgment creating the district declared invalid. The appellants had no right to rely upon such representations. The act itself "provides an appropriate scheme for advising the land owners of the character of the improvements to be undertaken and the cost thereof, so that they could act upon the petitions intelligently." *Lamberson* v. *Collins*, 123 Ark. 205.

The act itself, if complied with, protects the property owners from such frauds as are set up in that affidavit. See section 2. *Luck* v. *Magnolia-McNeil Road Imp. Dist. No. 1 of Columbia County*, 141 Ark. 603.

The judgment is correct, and it is therefore affirmed.