ILES, APPELLANT, *v.* LAMPHERE, APPELLEE.

(Decided May 2, 1938.)

*Messrs. Carpenter & Freeman,* for appellant.
*Mr. G. Ray Craig,* for appellee.

LLOYD, J.   A demurrer was sustained by the Court of Common Pleas to the second amended petition of Myrtle Iles in an action commenced by her therein to recover damages for personal injuries alleged to have been sustained by her on October 5, 1936, as the proximate result of the negligent operation by Nettie Lamphere of an automobile in which appellant was then riding.

Mrs. Iles appeals to this court on questions of law from the judgment entered on the demurrer. The substance of the pertinent alleged facts is that Mrs. Lamphere was the president and Mrs. Iles the treasurer of the Ladies Aid Society of the Seventh Day Adventist Church of West Clarksfield; that solely as officers and agents of this society and in pursuance of arrangements by the officers and members thereof and of a "common purpose of purchasing of food supplies to be served by said society at a public sale to be held some days' thereafter, proceeded to travel in Mrs. Lamphere's automobile to the village of New London" where they made inquiries as to the price of goods they desired to purchase for the Ladies Aid Society and that from there they proceeded in the automobile of appellee to Ashland "where they purchased other food and supplies for the said Ladies Aid Society"; that thereafter they proceeded to New London, "where they purchased food to be used by said Ladies Aid Society"; that with the food and supplies in the automobile they then proceeded therein towards West Clarksfield, on the way whereto, because of certain alleged negligence of Mrs. Lamphere in operating her automobile, Mrs. Iles was injured.

The sole question in controversy is' whether Mrs. Iles was a guest passenger of Mrs. Lamphere within the meaning of Section 6308-6, General Code, which reads:

"The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

It is true, as stated by appellant in her brief, that this section is in derogation of the common law and therefore it is to be strictly construed, but there must have been some beneficial consideration flowing from Mrs. Iles to Mrs. Lamphere to exclude Mrs. Iles from its operation. Now, what benefit was bestowed by her upon Mrs. Lamphere? Neither of them was engaged in any personal business or undertaking. So far as the pleaded facts disclose, Mrs. Iles may have requested of Mrs. Lamphere the privilege of riding with her on this joint mission for the society of which both of them were officers and members. All that is alleged in this record is that "in pursuance of arrangements made by the officers and members" of the society they undertook to render the service in which they were engaged when Mrs. Iles sustained her alleged injuries. There is no allegation of fact from which may be inferred any benefit pecuniary or otherwise received by Mrs. Lamphere from Mrs. Iles.

The demurrer was rightly sustained and the judgment of the Court of Common Pleas is therefore affirmed.

*Judgment affirmed.*

CARPENTER and OVERMYER, JJ., concur.