SCRAPE v. ROBINSON, AGENT.

4-6288                                                149 S. W. 2d 943

Opinion delivered April 14, 1941.

*Claude F. Cooper* and *T. J. Crowder,* for appellant.

*G. W. Barham* and *J. Graham Sudbury,* for appellee.

GRIFFIN SMITH, C. J. The court set aside in part[1] G. F. Scrape's deed conveying 220 acres of land to his wife, holding that the transaction was a fraud on creditors. The appeal is from that decree.

Mary Phillips Robinson, agent and attorney in fact for Mary E. Oglesby, plaintiff below and appellee here, procured judgment against G. F. Scrape for $2,164.96[2] on a complaint filed December 6, 1938. Scrape's deed is dated December 7, 1938. The recited consideration is love and affection and the assumption of mortgages aggregating $11,400. The instrument was filed for record at 9:30 a. m. on the day of its date. December 7, 1938, Scrape executed a bill of sale conveying to his wife all of his personal property.[3] By amendment to the complaint Mrs. Scrape was made a defendant.

[1] Eighty acres claimed by the defendant as a homestead (but included in the deed conveying 220 acres) were excluded from the order canceling the transaction.

[2] The indebtedness represented the balance due by Scrape as cash rent for 1937 and 1938 on lands owned by appellee. The judgment was obtained June 15, 1939.

[3] Although the trial court found that ". . . said conveyances by G. F. Scrape, both of his land and personal property [were made] for the purpose of defrauding, cheating, hindering, and delaying the plaintiff in the collection of [her] judgment," and that Mary J. Scrape ". . . accepted said conveyances with knowledge of the indebtedness [of G. F. Scrape to the plaintiff] and that said *deed* was without consideration and void as to the rights of [the] plaintiff," there is no further reference to the personal property.

[There is no express prayer in the complaint or in the amended complaint asking cancellation of the personal property transaction, and the fact of its execution seems to have been alleged in order to show that Scrape had denuded himself of assets.]

Appellants insist a preponderance of the evidence does not support the court's finding that the deed was without consideration. Emphasis is given to Mrs. Scrape's testimony, and that of her husband, which is to this effect: At the time of her marriage Mrs. Scrape had certain funds, perhaps $600. For twenty-six years the couple had pooled earnings. Profits went into a "general fund." The agreement to pay $11,400 of mortgage debt was of benefit to the husband. Mrs. Scrape had loaned money to her husband over a period of years.

### OTHER FACTS—AND OPINION.

The wife admitted knowledge that her husband owed at least a part of the rent for 1937 and 1938. The so-called "loans" made from time to time were not evidenced by writings, nor were account books kept. Mrs. Scrape had permitted her husband to handle all business affairs and to treat the property as his own; and after appellee procured judgment in circuit court, and while the suit in chancery was pending, no change in the manner of handling the property was made. Mrs. Scrape did not know when the deed was made. Mr. Scrape did not inform his wife of the purpose to convey. Some time in December, Mrs. Scrape ascertained the facts, and "was pleased." She did not know what the personal property consisted of.[4] When asked what she knew about the way the business was handled, Mrs. Scrape replied: "Well, I knew just about what any other wife would know."

There was other evidence of knowledge by Mrs. Scrape of her husband's indebtedness and there were circumstances from which a presumption of insolvency arose. In short, when Mrs. Scrape was informed that the deed had been executed, she could not have been in ignorance of its purpose. Summons was served on G. F. Scrape, December 6, and the next day he attempted to strip himself of property. Mrs. Scrape had not at that time assumed payment of the indebtedness of $11,400.

---

[4] At one point in her testimony Mrs. Scrape said her husband owed her "several thousand dollars" when the deed was made.

The deed was not delivered to her. Considerable time elapsed before the fact was brought to her attention. Although the circuit clerk did not remember who filed the deed for record, the clerk took G. F. Scrape's acknowledgment. Mrs. Scrape testified that she did not know what consideration was set out in the deed.

It is next argued that the chancery court did not render a judgment against appellants, but merely declared the judgment of the circuit court to be a lien on the land. It is true there is no declaration in the decree reciting, in express language, that "judgment is hereby given." This was unnecessary. The debt was not denied. Effect of the decree is to find that there was an indebtedness, and for all purposes other than technical sparring the obligation became a part of the decree as effectively as though formal language had been used to express what obviously was being done by intendment.

When the debt was declared a lien on 140 acres of the land, it was the judgment of the chancery court.

We think the sale ordered by the chancery court should be on a credit of not less than three months, as provided by statute for judicial sales. Pope's Digest, § 8199; *Neely* v. *Lee Wilson & Co.,* 126 Ark. 253, 190 S. W. 431. Direction in the decree was that the property be sold for cash. In this respect it is modified; and, as modified, it is affirmed.