## FRANZEN v. JASON.
### No. 11466.

Court of Civil Appeals of Texas.  Galveston.
Nov. 19, 1942.

Rehearing Denied Dec. 3, 1942.

LeRoy McCall, of Beaumont, for appellant.

Gilbert T. Adams, of Beaumont, for appellee.

MONTEITH, Chief Justice.

This suit was brought by appellee, Nat Jason, to recover damages alleged to have been received by him while riding in a truck owned and operated by appellant, D. A. Franzen.

Appellee alleged that he had been employed by appellant to work on his rice farm in Chambers County and that his alleged injury occurred while he was being transported to the farm by appellant. There was no contention by appellee that the injuries alleged to have been received by him were intentionally caused by appellant, or that they were caused by appellant's heedlessness or his reckless disregard of appellee's rights.

In his answer appellant denied that he had employed appellee.  He alleged that appellee was riding on his truck as a guest without payment for such transportation and not as a passenger and that the alleged injuries to appellee were not the result of a deliberate act on his part or any act done by him in reckless disregard of appellee's rights.

Appellant's motion for an instructed verdict was denied.  The trial court also refused to submit to the jury appellant's requested special issue as to whether appellee was a passenger or a guest and overruled his motion for judgment notwithstanding the verdict, to all of which appellant duly excepted.

In answer to special issues submitted, the jury found that appellant had been guilty of numerous acts of ordinary negligence and that each of said negligent acts

was a proximate cause of appellee's alleged injuries. Based on the answers of the jury to such special issues, judgment was rendered in favor of appellee and against appellant in the sum of $3,500. The trial court found in the judgment rendered that the appellee, on the undisputed testimony of the parties, at the time involved, was not a guest of appellant and "all such other additional facts necessary and on which the judgment should be rendered for the plaintiff."

The record shows that appellant went to the City of Beaumont for the purpose of procuring certain laborers who had been employed by him on previous occasions to assist in the harvesting of his rice crop. One of his neighbors requested that he bring back some help for him. After he had procured the laborers he sought and was preparing to leave for his home in his truck, appellee, who was seeking employment, and was returning to his home at the time, was asked by one of the negro laborers in the rear of appellant's truck if he wanted to work. He answered that he did want to work and appellant was requested by some one seated in the rear of the truck to stop so that appellee might get into the truck. Appellee got into the rear of the truck with his suit case with the intention of going to the farming section to secure employment.

It is undisputed that appellant was seated in the cab of the truck at the time appellee got into the truck. The record does not show that the question of appellee's employment was discussed by them or that appellant had authorized one of the negro laborers in the rear of the truck to employ appellee for him. After appellant had transacted his business he left Beaumont for his home in Winnie, Texas. Appellee was injured by being thrown from the rear of the truck while it was turning a sharp corner after leaving Beaumont.

While there is sufficient evidence in the record that appellant committed acts of ordinary negligence in that he failed to exercise ordinary care in the manner of operating his automobile at the time appellee was injured, the evidence does not raise the issue that he drove in reckless disregard to the rights of appellee or that he was consciously indifferent to his welfare.

This appeal involves a construction of Article 6701b, Section 1, Vernon's Texas Civil Statutes of 1936. The question to be determined is whether the benefit accruing to appellant under the facts in this case in transporting appellee to the farming section of Chambers County in order that he might secure employment from other farmers living in that section, in pursuance of a custom among these farmers of transporting laborers to the farming country for the accommodation of their neighbors when labor was scarce, is sufficiently tangible to constitute such a payment for said transportation as to relieve appellee from the operation of said Article 6701b.

Article 6701b, Vernon's Texas Civil Statutes, 1936, reads: "Sec. 1. No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death, or loss, in case of accident, unless such accident shall have been intentional on the part of said owner, or operator, or caused by his heedlessness or his reckless disregard of the rights of others."

Whether appellee, under the facts reflected by his pleading may be regarded as a gratuitous guest has not been passed upon by the courts of this State, so far as we are advised, though the question has been decided by the court of other states and can, we think, be determined by the principles of law there established.

Undoubtedly appellee was such a guest within the purview of said Article 6701b, unless it can be said that there was a definite, tangible and established custom among the farmers in the community in which appellant resided to transport laborers to their community for the benefit of their neighbors at all times when labor was scarce in that section. We do not think that the facts in this case are sufficient to justify this conclusion.

In Blashfield's Cyclopedia of Automobile Law and Practice, in the 1942 pocket part of vol. 4, § 2292, in construing said Article 6701b, it is said that "the benefit accruing to or conferred upon the operator of one of the guest class must be a tangible one growing out of a definite relationship."

In support of that statement of the law the author has cited the case of Voelkl v. Latin, 58 Ohio App. 245, 16 N.E.2d 519, 523, wherein the Court of Appeals of Ohio said in part: "The relationship which will

give rise to the status of a 'passenger' rather than a 'guest' must confer a benefit upon the owner of a definite tangible nature."

This is borne out by the rule laid down in the case of Leete v. Griswold Post No. 79, American Legion, 114 Conn. 400, 158 A. 919, 922, by the Supreme Court of Errors of Connecticut. In that case the court in commenting on the fact, said in substance: There was a reasonable prospect that out of gratitude for such transportation the laborer would later make a donation to the Post for the benefit of the fund donated to the maintenance of the ambulance. In deciding the case in defendant's favor, the court said in part: "The scope of the principle falls short of including so intangible and speculative an element as the possibility of a future voluntary donation, as to the ambulance fund."

While it is admitted by appellant that there was a general custom among the farmers in the section of the State in which he resided for farmers to transport negro laborers to the farming country for the accommodation of their neighbors when labor was scarce, the record does not disclose that there was an obligation on the part of any farmer to do so or that appellant had profited by said custom in the past or that it was probable that he would benefit thereby in the future.

In view of our conclusion that appellee was a guest of appellant and not a passenger, the question of appellant's liability must be determined under the terms of our "guest" statute, said Article 6701b, Section 1, and since there was no contention by appellee that the accident in this case was intentional and no issues of fact that appellee's injuries were caused by appellant's "heedlessness or his reckless disregard of the rights of others" were submitted to the jury, or could have been sustained under the facts in this case in the event of their submission, it is our conclusion that no cause of action against appellant is here shown.

Appellee contends that the judgment of the trial court should be affirmed because the court found in its judgment that appellee was a guest of appellant at the time he was injured and "all such other additional facts necessary on which judgment should be rendered" for appellee and that these findings were not attacked by appellant. This contention cannot be sustained.

Appellant not only filed a motion for a judgment notwithstanding the verdict, for the alleged reason that a direct verdict for the appellant would have been proper under the evidence produced in the trial of the case, but in his brief he has quoted testimony from the record, which, he contends, directly refutes the findings of the court that the appellee, under the undisputed testimony of the parties, was not a guest of the appellant.

The case appears to have been fully developed in the trial court and there is no apparent reason for further proceedings herein. It is therefore ordered that the judgment of the trial court be reversed and that judgment be here rendered that appellee take nothing.

Reversed and rendered.