SIMMS *v.* TINGLE.

5-2050                                    335 S. W. 2d 449

Opinion delivered May 16, 1960.

[Rehearing denied June 6, 1960]

*Dinning & Dinning* by *W. G. Dinning, Jr.,* for appellant.

*Barber, Henry, Thurman & McCaskill,* for appellee.

JIM JOHNSON, Associate Justice. This case arises out of an automobile collision. The sole question presented is whether appellant was a guest in appellee's car as a matter of law. The complaint, insofar as pertinent, alleged:

"That the plaintiff's (appellant's) presence in the automobile driven by the defendant was necessary by reason of the joint undertaking of the plaintiff and the defendant in selling and distributing 'Go to Church Stamps' for the Church of God of the City of West Helena, Phillips County, Arkansas, where the plaintiff's husband is the regular pastor and the defendant is a member of the said church. That the plaintiff and the defendant were jointly engaged in the undertaking, for their joint benefits, under a plan adopted by them whereby the defendant's husband's car was used in the morning and the plaintiff's husband's car would be used in the afternoon for the joint purpose of selling and distributing the religious media."

From a judgment of the trial court sustaining a demurrer and dismissing the complaint, the appellant, upon appeal, relies upon the following three points for reversal.

1.  The appellant was engaged in a joint venture with the appellee for their mutual benefit and as such may maintain a suit for the recovery of damages based upon allegations of ordinary negligence;

2.  The appellant was not a guest or invitee of the appellee but was a passenger in the automobile under a plan of sharing the expenses which constitutes a passenger for hire; and

3.  The question of fact, presented by the allegations in the complaint as to whether the appellant was

a guest of appellee, is one of fact and could be determined only by a jury.

The general rule for determining the status of a passenger in an automobile is that if the transportation or carriage in its direct operation confers a benefit only on the person to whom the ride is given and no benefits other than such as are incidental to hospitality, companionship, or the like, upon the person extending the invitation, the passenger is a guest within the statutes (Ark. Stats. § 75-913 to 75-915), but if the carriage tends to the promotion of the mutual interests of both the passenger and the driver for their common benefit, or if the carriage is primarily for the attainment of some objective or purpose of the operator, the passenger is not a guest. *Ward* v. *George,* 195 Ark. 216, 112 S. W. 2d 30.

We have repeatedly held that when the status of an occupant of a car is questioned and conclusions must be drawn from the evidence, then the issue is one for the jury. *Corruthers* v. *Mason,* 224 Ark. 929, 227 S. W. 2d 60; *Whittecar* v. *Cheatham,* 226 Ark. 31, 287 S. W. 2d 578; *Rogers* v. *Lawrence,* 227 Ark. 117, 296 S. W. 2d 899. Certainly in testing, on demurrer, the sufficiency of the allegations in the complaint as regards status, the analogy would be that evidence should be allowed to clarify the allegations. This is true because on a demurrer the complaint, together with all reasonable inferences deducible therefrom, is to be construed most strongly in favor of the plaintiff. (See cases collected in West's Arkansas Digest, Pleadings, Sec. 214.) The complaint in this case alleged that the plaintiff and defendant were engaged in a joint undertaking. If it was a joint enterprise then the guest statute would not apply because in Am. Jur. Vol. 5A, p. 560, "Automobiles and Highway Traffic", § 521, cases and annotations are cited to sustain this text:

"The automobile guest statutes, relieving the owner or operator of an automobile from consequences of ordinary negligence which result in injury to a passenger in the car do not apply if the owner or driver of a motor

vehicle and a passenger therein are engaged in or embarking on a joint adventure or joint enterprise for their mutual advantage and the ride is an integral part of the venture or if the joint enterprise is a motivating influence in providing the transportation for the passenger . . ."

When the complaint alleged that the ladies were on a joint undertaking, certainly the plaintiff had a right to introduce evidence to establish that fact and bring herself within the quoted rule above which is that on a joint enterprise the guest statute does not apply. There is an annotation in 59 A. L. R. 2d, p. 336 entitled: "Mutual Business or Commercial Objectives or Benefits as Affecting the Status of a Rider under the Automobile Guest Statute" and in that annotation cases from various jurisdictions are reviewed. It seems clear to us that the allegations in the case at bar were sufficient to allow the introduction of evidence.

The appellee, while recognizing the rule permitting recovery for ordinary negligence where the carriage or transportation of a passenger is for the mutual benefit of both the passenger and the driver, points to the case of *Henry* v. *Henson,* 1943, Tex. Civ. App., 174 S. W. 2d 270, and to our own case of *Payne* v. *Fayetteville Merc. Co.,* 202 Ark. 264, 150 S. W. 2d 966, and argues that the benefit accruing to the driver must be a business or pecuniary benefit and that since any pecuniary benefit resulting from the fund-raising drive in this instance flowed directly to the church, the transportation of appellant in no way resulted in a business or pecuniary benefit to appellee.

In the case of *Henry* v. *Henson,* Tex. Civ. App., 174 S. W. 2d 270, which was appealed from a jury verdict finding that the passenger was not a guest on the basis that certain courtesies had been performed by the passenger to the driver, the Texas Court of Civil Appeals said:

"Mrs. Henry and Mrs. Henson, the record shows, were friends and co-workers in the Women's Missionary Society of the Methodist Church. It is undisputed that

each gave a great deal of her time and talents to that work. They were engaged in advancing missionary work, which is a necessary function of that great religious institution, the Methodist Church. These ladies were devoting much of their time to the spiritual uplift of their community through the channel of their society. Their work was for the church, and the benefit accruing to them was the advancement of the Christian religion through their joint efforts as delegates to this conference and the Christian education there received by each of them. But we are unable to say from the facts in this record that such mutual benefit accruing to each of them, or that the benefit to be derived from the trip by Mrs. Henry, the transporter, was of such nature 'as to change the status of plaintiff (appellee) from that of a guest.' As said in the recent case of *Franzen* v. *Jason,* Tex. Civ. App., 166 S. W. 2d 727, 728, writ refused:

'In Blashfield's Cyclopedia of Automobile Law and Practice (Perm. Ed.), in the 1942 pocket part of Vol. 4, § 2292, in construing said Article 6701 b, it is said that ''the benefit accruing to or conferred upon the operator of one of the guest class must be a tangible one growing out of a definite relationship.'' '

''In support of that statement of the Law the author has cited the case of *Voelkl* v. *Latin,* 58 Ohio App. 245, 16 N. E. 2d 519, 523, wherein the Court of Appeals of Ohio said in part: 'The relationship which will give rise to the status of a ''passenger'' rather than a ''guest'' must confer a benefit upon the owner of a definite tangible nature.'

''The positive testimony of Mrs. Henson, appellee, part of which is set out above, negatives the contention that appellant furnished her transportation to and from College Station in exchange for certain courtesies to be performed by appellee . . .''

Thus, this authority relied upon by appellee does not substantiate her contention that the benefit flowing to the driver which takes the passenger out of the guest statute must necessarily be a business or pecuniary benefit measured in dollars and cents. The complaint here

alleges that the plaintiff and defendant were engaged in a joint undertaking in selling and distributing the "Go to Church Stamps." The appellee's contention that no benefit flowed to the appellee in collecting money for the church we hold to be without merit for otherwise a great host of religious workers have wasted many valuable hours. Nor is the contention supported by the case of *Payne* v. *Fayetteville Mer. Co., supra.* There the liability of the Fayetteville Mercantile Company depended upon the doctrine of respondeat superior and it was readily apparent that if the driver, who was primarily responsible for the injury, was not liable in that he received no benefit from the transportation, then of course his employer was not.

The question of whether the arrangement for the sharing of car expenses by using appellee's husband's car in the morning and the appellant's husband's car in the afternoon constituted a payment for transportation is one of fact. See: *Brand* v. *Rorke*, 225 Ark. 309, 280 S. W. 2d 906, where we said: ". . . It is certainly true that when a trip is undertaken for social and recreational purposes, a passenger may be found to be a guest even though he buys a tankful of gasoline for his host or contributes in some other way to the expense of the journey. Ordinarily, however, the issue is one of fact . . ." The appellee's argument that only the church benefited from the car pool agreement we do not consider to be logically sound for it nowhere appears that the coffers of the church were benefited nor charged with respect to any arrangement made by the parties for transportation.

Reversed.

HOLT, GEORGE ROSE SMITH, and WARD, JJ., dissent.

PAUL WARD, Associate Justice, dissenting. A careful consideration of the wording of the Complaint in this case and review of the many authorities dealing with the question here under consideration leads me to a different conclusion than that reached by the majority.

First, attention is called to the well established rule that a Demurrer will be sustained to a Complaint which does not state a cause of action or to one that pleads only conclusions of the law. See: Civil Code Page 96, Section 109; *Keith* v. *Freeman, et al*, 43 Ark. 296; *Southern Orchard Planting Company* v. *Gore*, 83 Ark. 78, 102 S. W. 709; *Pharr* v. *Knox*, 145 Ark. 4, 223 S. W. 400; *Driesbach* v. *Beckham*, 178 Ark. 816, 12 S. W. 2d 408; *Seubold* v. *Fort Smith Special School District*, 218 Ark. 560, 237 S. W. 2d 884.

Since the Complaint (as is conceded in this case) does not allege willful and wanton negligence on the part of appellee (Tingle) appellant cannot recover under the wording of her Complaint because of Ark. Stats. § 75-913-§ 75-915, the "guest statute" *unless* she was a "passenger" and not a "guest" in appellee's car.

The decisive question, therefore, is: Does the Complaint show appellant to be a "passenger" or a "guest"? It is apparent that this is a question which calls for close distinctions—distinctions which this Court has not heretofore made clear.

The many authorities which I have reviewed, some of which are hereafter set out, are practically unanimous in approving the following principles which are applicable to the case under consideration.

[a] If both the passenger and the owner-driver derive a tangible and substantial benefit then the rider is a passenger and can recover on simple negligence.

[b] "Tangible and substantial benefit" means something more than that based on companionship.

[c] If the owner-driver derives any special benefit (possibly either tangible, substantial or otherwise) over and above that received by the rider, then the rider is a passenger and can recover.

In the case of *Leete* v. *Griswold Post, No. 79, American Legion*, 114 Conn. 400, 158 A. 919, it was held that the benefit must be tangible. *Raub* v. *Rowe*, Tex. Civ. App., 119 S. W. 2d 190, reiterates a principle that there must be ". . . the element of material benefit to the defendant driver in the form of possible profits, where the elements

of friendship and hospitality were not involved, and where the ride was taken as an integral part of a business transaction. . . ."

In the case of *Rogers* v. *Vreeland,* 16 Cal. App. 2d 364, 60 P. 2d 585, the Court in construing the "guest" statute of that State among other things said:

"Doubtless the Legislature intended to change the rule heretofore adopted in this state, that an invited guest could recover for simple negligence, and to provide that such a person could not recover in the absence of a showing of intoxication or willful misconduct; and we are of the opinion that the section is applicable to a case such as the one now before us, where the riders, on a trip purely social, and without any commercial or business element, agreed to pay their share of the running expenses of the automobile and their share of any other expense on the trip. We do not consider such an arrangement between the rider and the driver as the giving by the former to the latter of such compensation as removes the riders from the status of 'guest' within the meaning of the act."

Blashfield, in his Cyclopedia of Automobile Law and Practice, 1942 Pocket Part of Volume 4, Section 2292, in dealing with this same question says that: ". . . the benefit accruing to or conferred upon the operator of one of the guest class must be a tangible one growing out of a definite relationship." The same author further states: "One important element in determining whether a person is a guest within the meaning and limitations of such statutes is the identity of the person advantaged by the carriage. If, in its direct operation it confers . . . no benefits, other than such as are incidental to hospitality, companionship or the like, upon the person extending the invitation, the passenger is a guest within the statutes . . ." The above quotation was approved in the case of *Ward* v. *George,* 195 Ark. 216, 112 S. W. 2d 30.

In the case of *Iles* v. *Lamphere,* 60 Ohio App. 4, 18 N. E. 2d 989, appellant sued appellees to recover damages for personal injuries sustained as a result of the negligent operation by appellee of an automobile in which they were riding. In material part the Complaint stated: "That Mrs. Lamphere was President and Mrs. Iles was Treasurer of the Ladies Aid Society of the Seventh Day Ad-

ventist Church of West Clarksfield; that solely as officers and agents of this society and in pursuance of arrangements by the officers and members thereof and of a 'common purpose of purchasing of food supplies to be served by said society at a public sale to be held some days thereafter, proceeded to travel in Mrs. Lamphere's automobile. . . ' '' The trial court sustained a demurrer and Mrs. Iles appealed. The Court stated in its opinion that: "The sole question in controversy is whether Mrs. Iles was a guest passenger of Mrs. Lamphere within the meaning of Section 6308-6, General Code." (Said statute contains the same terms with regards to willful and wanton misconduct of the drive that are found in our statute above referred to). The Court of Appeals, in sustaining the trial court, among other things, stated: "There must have been some beneficial consideration flowing from Mrs. Iles to Mrs. Lamphere to exclude Mrs. Iles from its operation (operation of the statute). Now, what benefit was bestowed by her upon Mrs. Lamphere? Neither of them was engaged in any personal business or undertaking. . . There is no allegation of fact from which may be inferred any benefit pecuniary or otherwise received by Mrs. Lamphere from Mrs. Iles.''

A careful analysis of the facts and the holdings in the case of *Henry, et ux* v. *Henson, et ux*, Tex. Civ. App., 174 S. W. 2d 270, which is relied on so heavily by the majority, convinces me that it supports the statements and principles above set forth. In that case appellee (Henson) recovered a judgment against appellant in the trial court which the Appellate Court reversed and dismissed. The facts which were proven in that case are, to my mind, stronger to show that appellee (Mrs. Henson) was a passenger than are the allegations in the Complaint under consideration to show that Mrs. Simms was a passenger. It would unduly lengthen this dissent to reiterate fully the testimony in the cited case but it does show, when construed in the light most favorable to an affirmance of the judgment, that Mrs. Henry received more benefits from the trip which they were making as delegates to the Conference of Missionary Societies than Mrs.

248

Simms could possibly receive under the allegations of her Complaint. On this point it is revealing to compare the *Henry* case with the present case. The benefits accruing to Mrs. Henry were: [a] As the incoming president of the Missionary Society she would receive valuable advice and direction from Mrs. Henson who had just served in that capacity, and [b] she would get the benefit of short-hand notes which Mrs. Henson was going to make. All these were special benefits expected to accrue to Mrs. Henry. On the other hand, Mrs. Simms alleges no benefits, special or otherwise, that were to accrue to Mrs. Tingle. In fact all expected benefits from their undertaking would accrue to the Church and not to either of the parties. Moreover, the logical inference is that Mrs. Simms had more special interest in the undertaking because she was the wife of the pastor of the Church.

To be sure this Court does not want to unnecessarily discourage public spirited women from jointly engaging in church activities, but I submit that more discouragement would result from the decision of the majority. Hereafter, under that decision, any accommodating woman who extends a ride to a friend on a church mission must take into account the extra risk to which she will be subjected.

Justices Holt and Smith join in this dissent.