CORRUTHERS v. MASON.

5-648                                277 S. W. 2d 60

Opinion delivered April 4, 1955.

J. R. Wilson, for appellant.

B. Ball, for appellee.

ED. F. McFADDIN, Justice. The appellee, Essie Mason, recovered judgment against the appellants, D. R. Corruthers and Bessie Corruthers (husband and wife), for injuries received by appellee in a traffic mishap; and this appeal challenges the correctness of the judgment. Appellee received her injuries while riding in a truck driven by appellant, Bessie Corruthers; and the main question is the status of the appellee—i. e., whether she was a fare paying passenger, or a guest, or engaged in a joint enterprise with Bessie Corruthers. Other questions relate to the liability of D. R. Corruthers and the Court's rulings in regard to evidence.

On October 17, 1953, D. R. Corruthers allowed his wife, Bessie Corruthers, to drive a truck from Warren to Horton's Island, a distance of about 30 miles, so that the occupants of the truck could go fishing. The party left Warren about 4:30 A. M. and arrived at the fishing place about 6:00 A. M. They fished until about 3:30 P. M. and then started the return trip to Warren. On the front seat of the truck were: (1) Bessie Corruthers, who was driving the truck; (2) Troy Belin, a man who had gone along to row the boat; and (3) Victoria Wright, a relative of Bessie. Seated in chairs in the back of the truck were: (1) Birdie Johnson; (2) Florence Gorham; and (3) Essie Mason, the appellee. When the truck was about three miles from Warren, Bessie Corruthers allowed the truck to leave the road and go down an embankment and strike a telephone pole. In this traffic mishap, appellee, Essie Mason, received the injuries to her back and ankle that caused this litigation.

I. *Status of Essie Mason.* Appellee claims that she was a "fare paying passenger" in the truck at the time because she had paid Bessie Corruthers $1.00 for the trip as also had Birdie Johnson and Florence Gorham, and that D. R. Corruthers and Bessie Corruthers had for several years been in the business of transporting for hire persons who desired to go fishing. Appellants, on the other hand, claim that they never were engaged in such a business; but that when either of the appellants happened to be going fishing, other people would be

allowed to go along, and each would be allowed to pay $1.00 to help defray the cost of the oil and gas.

If Essie Mason was a *guest* in the truck, then she could not recover unless she established that Bessie Corruthers was guilty of willful and wanton negligence. See § 75-913 *et seq.* Ark. Stats.; *Ward* v. *George*, 195 Ark. 216, 112 S. W. 2d 30; *Froman* v. *Kelley Stave Co.*, 196 Ark. 808, 120 S. W. 2d 164; *Ark. Valley Co-op Rural Elec. Co.* v. *Elkins*, 200 Ark. 883, 141 S. W. 2d 538; *Stewart* v. *Thomas*, 222 Ark. 849, 262 S. W. 2d 901, and cases there cited. The Trial Court instructed the jury in accordance with our cases.

It is against the instruction, in regard to Essie Mason being a "fare paying passenger," that the appellants lodge their principal complaint. On this issue the Trial Court instructed the Jury:

"You are instructed that if you find from the preponderance of the evidence, that is to say, the greater weight of the evidence, that the plaintiff was a paid passenger to the defendant or defendants and you further find from a preponderance of the evidence that the defendants were operating a truck for fishing trips for profit, and you further find from the evidence that the defendant failed to use ordinary care in operating said truck and by reason of said failure the plaintiff received the injuries as alleged in her complaint, then you are told that you will find for the plaintiff in whatever sums would reasonably compensate her for the injuries sustained, her pain and suffering suffered by her in the past and which may reasonably be expected to be suffered in the future, and whatever loss, if any, she has sustained by reason of her loss of earning power and the loss which she may reasonably be expected to sustain in the future."

Appellants insist that it was error to give this last copied instruction; and that they were entitled to an instructed verdict because, as a matter of law, Essie Mason could not have been a fare paying passenger since the amount she paid was only $1.00.

We come then to a review of some of the evidence. D. R. Corruthers had at frequent intervals used, or allowed his wife to use, his truck in transporting people from Warren to Horton's Island or other fishing places. One witness, Jim Neal, testified that he had driven the truck for the Corruthers several times in 1953 and one time in 1954; that the greatest number of people that ever went on the truck at one time was 12 or 13; that D. R. Corruthers or Bessie Corruthers—whichever happened to be in charge—always collected from the people after the fishing and before the beginning of the return journey; and that the usual charge was $1.00 for each grown person and 50¢ for each child.

Essie Mason, the appellee, testified that she had been making these fishing trips on the Corruthers' truck for 8 or 9 years; that she had never ridden without paying; that when D. R. Corruthers drove the truck she paid him; that on the other occasions, she paid Bessie Corruthers; that on the day in question when they started home she paid Bessie Corruthers $1.00 for the trip; that Birdie Johnson and Florence Gorham each paid Bessie $1.00; that Troy Belin did not pay because he had rowed the boat; and that Victoria Wright did not pay because she was a relative of Bessie Corruthers. Essie Mason strenuously denied that the $1.00 was merely to pay the cost of the gas and oil; she testified that figuring the $1.00 on that basis had never been mentioned; and that she had always paid the $1.00 for the round trip on the truck. Other witnesses testified that they had paid the Corruthers $1.00 a trip, whether the truck was driven by D. R. Corruthers, Bessie Corruthers or someone selected by them.

In the light of this evidence, we hold that a Jury question was made as to the status of Essie Mason— that is, whether she was a fare paying passenger on the one hand, or a guest or joint adventurer on the other. In *Albritton* v. *Ferguson*, 197 Ark. 436, 122 S. W. 2d 620, we held that a question of fact was made for the Jury

as to the status of one of the occupants[1] of the car. Likewise in *Derrick* v. *Rock,* 218 Ark. 339, 236 S. W. 2d 726, we held that a question of fact was made for the Jury as to the status of one of the occupants of the car. A good case involving the Arkansas guest statute is that of *McMahon* v. *DeKraay,* 70 S. D. 180, 16 N. W. 2d 308, decided by the Supreme Court of South Dakota, and reported in 16 N. W. 2d 308, wherein the South Dakota Court held that the evidence as presented made a jury question as to the status of one of the persons in the vehicle. In Blashfield's "Cyclopedia of Automobile Law and Practice," Vol. 4, p. 326, the text reads:

"Where a dispute exists as to what were the respective purposes or conditions for or upon which the transportation was undertaken, relative to the nature and existence, if any, of the benefits conferred upon the respective parties, it is ordinarily a question of fact whether or not the invitee was a guest within the meaning of the statutes."

See also Annotation in 10 A. L. R. 2d 1351, entitled: "Payments or contributions by or on behalf of automobile rider as affecting his status as guest"; and see the earlier allied annotation in 82 A. L. R. 1365 and 95 A. L. R. 1180. We hold that the Trial Court was correct in submitting to the Jury the question as to the status of Essie Mason, and that the instruction was good as against the objections made.

II. *Liability of D. R. Corruthers.* The appellant, D. R. Corruthers, claims that, at all events, he could not be held liable because he was not driving the car when Essie Mason received her injuries. We hold that if Essie Mason was a fare paying passenger on the truck operated for hire by D. R. Corruthers and Bessie Corruthers, then D. R. Corruthers' liability would not depend on his actual presence in the truck at the time. As regards the liability of D. R. Corruthers, the Trial Court correctly instructed the Jury:

---

[1] That case was decided before our guest statute, and the question was whether Miss Albritton was a guest or engaged in a joint enterprise; but it was a jury question as to her status.

"You are instructed that if you believe from the evidence that the defendant, D. R. Corruthers, received any compensation or revenue or in any manner was interested from a financial standpoint in the hauling of the plaintiff for hire, if you find she was a paid passenger on the date complained of, then the said D. R. Corruthers would be equally liable with the defendant, Bessie Corruthers, for such damages as you may find the plaintiff suffered, if any, on the date complained of."

III. *Rulings as to Evidence.* Many of the seventeen points relied on by appellants for reversal relate to rulings of the Trial Court as to the admissibility or exclusion of evidence. To discuss each of these points would unduly prolong this opinion. It is sufficient to say that we have studied all of the points and find no ruling that would constitute reversible error.

Affirmed.