BRAND *v.* RORKE.

5-720                                                           280 S. W. 2d 906

Opinion delivered July 4, 1955.

*Wiley W. Bean,* for appellant.

*Rose, Holland & Holland,* for appellee.

GEORGE ROSE SMITH, J.    This is an action brought by the appellant to recover for personal injuries sustained while she was riding as a passenger in the appellee's car.    At the conclusion of the plaintiff's proof the trial court directed a verdict for the defendant.    The question is whether the plaintiff made a case for the jury.

During the 1953-1954 school year Miss Brand was living in Clarksville but was employed as a school teacher at Oark, in the northern part of the county.    Miss Brand, the defendant Rorke, and a third teacher made an arrangement by which the two men alternated in driving

their cars from Clarksville to Oark. It was decided that the operating expense of a car was $42 a month; so Miss Brand contributed her share by making a monthly payment of $7 to each of the two car owners.

The complaint alleges that Rorke was negligent in driving an automobile without brakes and with a defective lock on the right front door. At the trial the plaintiff testified that on the day of the accident, as Rorke was driving down a mountain on the highway, the brakes failed. The car gathered speed until Rorke stopped it by swerving to his left, but Miss Brand was thrown through the front door and injured. She was unable to give the cause for the failing of the brakes.

It is insisted by the appellee that this proof falls short of establishing negligence, since the mechanical defect might have arisen suddenly and without fault on Rorke's part. Even so it was not necessary for the plaintiff to anticipate and disprove this possible explanation. By statute every motor vehicle must be equipped with adequate brakes. Ark. Stats. 1947, § 75-724. It has often been held that proof of the violation of such a safety measure is evidence of negligence. *Union Securities Co.* v. *Taylor,* 185 Ark. 737, 48 S. W. 2d 1100; *Kendrick* v. *Rankin,* 219 Ark. 736, 244 S. W. 2d 495. The appellant's testimony constituted substantial evidence to the effect that the statute had been violated; it was for the jury to say whether the defendant was guilty of negligence.

It is also contended that the plaintiff must be held as a matter of law to have been a guest, precluding her from recovery in the absence of willful and wanton misconduct on Rorke's part. Ark. Stats., § 75-913. Here too the issue was for the jury. It is certainly true that, when a trip is undertaken for social and recreational purposes, a passenger may be found to be a guest even though he buys a tankful of gasoline for his host or contributes in some other way to the expense of the journey. Ordinarily, however, the issue is one of fact. *Corruthers*

v. *Mason,* 224 Ark. 929, 277 S. W. 2d 60. Especially is this true with respect to a car pool that is essentially a business arrangement between fellow employees rather than an instance of pure hospitality. *Bond* v. *Sharp,* 325 Mich. 460, 39 N. W. 2d 37; *Dennis* v. *Wood,* 357 Mo. 886, 211 S. W. 2d 470; *Rosa* v. *Briggs,* 200 Ore. 450, 266 P. 2d 427. In the case at bar it cannot be said that the proof shows without dispute that the guest statute is applicable.

Reversed.