WHITTECAR v. CHEATHAM.

5-870                                           287 S. W. 2d 578

Opinion delivered March 5, 1956.

Cole & Epperson, for appellant.

McMillan & McMillan and Otis H. Turner, for appellee.

SAM ROBINSON, Associate Justice. Robert C. Whittecar, Jr., a minor, was injured while riding in an automobile driven by appellee, Bernard Cheatham. Young Whittecar, by his father, filed this suit, alleging that Cheatham had negligently operated the automobile, and that such negligence resulted in Whittecar's injuries. After Whittecar had completed the introduction of his testimony in chief, the defendant Cheatham moved for a directed verdict; the court granted the motion. It is apparent the motion was granted on the theory that Whittecar was a guest in Cheatham's automobile, and, because of our guest statute, he could not recover. Ark. Stats., §§ 75-913-14-15.

The sole issue here is whether, according to the undisputed evidence, Robert Whittecar, Jr., was a guest in Cheatham's automobile within the meaning of our statutes. At the time he was injured, Robert was fifteen years of age; he attends school at Magnet Cove; he was in the seventh grade, and was a member of the Junior basketball team. The appellee, Mr. Cheatham, was basketball coach, and he taught "Junior and Senior High history." He taught Robert history as well as coaching him in basketball. During basketball practice between 11:00 A. M. and 12:00 noon on the day Robert was injured, Mr. Cheatham told him there would be a basketball game that afternoon at Benton.

Robert testified:

"Q. Where did he tell you to meet?

A. He told us to meet him down at the gym after school was over."

\* \* \* \* \*

"Q. When you got down to the gym after school was out that afternoon, what kind of transportation was there for you?

A. We didn't — Mr. Cheatham told us we was to all go in his car."

\* \* \* \* \*

"Q. Did Mr. Cheatham have anything to do or say about the seating arrangements; where the boys sat?

A. Yes, sir, he moved one other big boy in front and one other middle sized boy in front. They were sitting in the back seat.

Q. How many people were in the front seat when you first got into it?

A. There were three.

Q. Three boys or three, all told?

A. Three all told, and then he moved one more boy up there."

There were ten boys in the car altogether; they went to Benton and played a game of basketball; Robert participated in the game, and Mr. Cheatham coached. On the way back to Magnet Cove after the game, Mr. Cheatham was driving the automobile when he had a head-on collision with another car, and Robert was injured. According to the undisputed facts, can it be said that Robert was a guest of Mr. Cheatham within the meaning of our statutes? The guest statutes are in derogation of the common law and should not be extended beyond a correction of the evil which induced their enactment. *Ward* v. *George,* 195 Ark. 216, 112 S. W. 2d 30. And in that case, it is also said: "One important element in determining whether a person is a guest within the meaning and limitations of such statutes is the identity of the person or persons advantaged by the carriage. If, in its direct operation, it confers a benefit only on the person to whom the ride is given, and no benefits, other than such as are incidental to hospitality, companionship, or the like, upon the person extending the invitation, the passenger is a guest within the statutes; but, if his carriage tends to the promotion of mutual interests of both himself and the driver and operator for their common benefit, or if it is primarily for the attainment of some objective or purpose of the operator, he is not a guest within the meaning of such enactments. Of course, a passenger for hire is not within their operation, regardless of whether the passenger or someone else pays or promises to pay for the transportation."

Ordinarily, the issue of whether one is a guest is a question of fact. *Brand* v. *Rorke,* 225 Ark. 309, 280 S. W. 2d 906. This rule applies where there is a dispute as to the facts, as in *Corruthers* v. *Mason,* 224 Ark. 929, 277 S. W. 2d 60. But, where there is no dispute as to the facts, it becomes a question of law as to whether one is a guest within the meaning of the statutes. *Arkansas Valley Cooperative Rural Electric Company* v. *Elkins,* 200 Ark. 883, 141 S. W. 2d 538; *Payne, Administratrix* v. *Fayetteville Mercantile Company,* 202 Ark. 274, 150 S. W. 2d 966; *Ward* v. *George,* 195 Ark. 216, 112 S. W. 2d 30. In the case at bar, at this point, there is no dispute as to the facts. Robert was a student in school; Mr. Cheatham, his teacher in history and coach in basketball, instructed him as to making the trip to Benton. In directing Robert as to the trip to Benton, it does not appear that Mr. Cheatham was acting beyond the scope of his authority as basketball coach. Robert was told by the coach what car to enter and where to sit in the automobile. It does not appear that Robert had any choice as to whether he would go to Benton to play basketball; had he refused without some good excuse, he probably would have been guilty of insubordination and subject to being expelled from the team. Such a consequence would have been very harmful to him, as it cannot be said a fifteen year old boy's physical education is unimportant.

Appellee cites a number of cases to sustain his contention that Robert was a guest. Although some of the cases cited are authority for the proposition that certain undisputed facts show that the relationship of guests existed, according to those particular facts, none are in point with the facts in the case at bar with the exception of *Casper* v. *Higgins,* 54 Ohio App. 21, 6 N. E. 2d 3. That case appears to be closely in point. A student who was a member of a debating team was riding with his instructor; they had been to a debate and were on the way home when the mishap occurred, while the instructor was driving. If anything, the evidence in that case was much stronger as proving that the student was not a guest of the instructor, but, nevertheless, the court held that the

relationship of guest existed. The case was decided by the *Court of Appeals of Ohio, Butler County,* in 1935, but not a single authority is cited in support of the view there expressed. Later, in the case of *Vest* v. *Kramer,* 158 Ohio St. 78, 107 N. E. 2d 105, decided by the *Supreme Court of Ohio* in June 1952, it was held that a Boy Scout, while on a trip with the Scoutmaster, was not a guest. *Casper* v. *Higgins* was not mentioned.

It will be recalled that, at the time the court directed a verdict in the case at bar, appellant's evidence was undisputed. It shows that Robert, in making the trip, was acting on instructions of his coach who, in turn, was acting within his authority as coach. It was Robert's duty as a student to comply with the reasonable directions of his coach. It cannot be said that, in the circumstances shown here, Robert was the guest of the coach within the meaning of our guest statute.

Reversed, and remanded for new trial.

Mr. Justice McFADDIN concurs.

ED. F. McFADDIN, Associate Justice (concurring). I concur in the result reached in this case—i. e., that the judgment should be reversed and the cause remanded for a new trial. But the majority opinion contains this language near the conclusion:

"It was Robert's duty as a student to comply with the reasonable directions of his coach. It cannot be said that, in the circumstances shown here, Robert was the guest of the coach within the meaning of our guest statute."

The only thing this Court was asked to do was to hold that the Trial Court was wrong in declaring Robert Whittecar to be a guest. But the majority has swung to the other extreme and has stated that, as a matter of law—under the facts here—Robert Whittecar was not a guest. I think that, even under the facts here, it was a question for the jury to decide as to whether Robert Whittecar was a guest or a mere occupant-under-orders in the car.

Even where the evidence is undisputed, inferences and conclusions to be drawn from such evidence are still matters for the jury. We have many times so declared. In *Grand Lodge* v. *Banister,* 80 Ark. 190, 96 S. W. 742, we said:

". . . for if the facts are such that men of reasonable intelligence may honestly draw therefrom different conclusions on the question in dispute, then they were properly submitted to the jury for determination. Judges should not, under that state of the case, substitute their judgment for that of the jury. *St. L., I. M. & S. Ry.* v. *Martin,* 61 Ark. 549."

A score of cases on the rule, that it is for the jury to draw the inferences from the evidence, are abstracted and quoted in West's Arkansas Digest, "Trial," Key No. 142.

So here, I conclude that the status of Robert Whittecar is a question for the jury to decide. Of course, on a new trial, the facts may be somewhat different from those in the present record and the case may be submitted to the jury. My only purpose in registering this concurring opinion is to continue to express my view that it is for the jury to draw inferences from the evidence.