DIETER *v.* BYRD, ADMR.

5-2714                              360 S. W. 2d 495

Opinion delivered October 1, 1962.

*H. B. Stubblefield,* for appellant.

*Dickson, Putman, Millwee & Davis,* for appellee.

Ed. F. McFaddin, Associate Justice. This case stems from a traffic mishap, when a car owned and driven by Mr. W. J. Bardo was wrecked, and Mr. Bardo was killed. Melvin Dieter, a minor, one of the occupants of the Bardo car, was injured, and brought this action by his father and next friend, for damages for personal injuries. Appellee Byrd is Special Administrator of the Estate of W. J. Bardo. At the close of the evidence for the plaintiff, the Court directed a verdict for the defendant; and the plaintiff brings this appeal, urging the points herein discussed.

I. *The Passenger Issue.* The complaint alleged that the plaintiff, Melvin Dieter, was ''riding as a passenger in the front seat'' of the Bardo car, and that Bardo in driving his car was guilty of willful and wanton negligence in enumerated particulars. The allegation that Melvin Dieter was riding as a passenger was the only allegation in the complaint as to Melvin Dieter's status. In the trial of the case, the Court refused to allow the plaintiff to offer evidence as to passenger relationship. This ruling was on the theory that the complaint had alleged that Bardo was guilty of willful and wanton negligence, and that such *quantum* of negligence would be necessary to be shown only if the relationship of Dieter to Bardo was that of a guest. In other words, the Court held that the allegation as to willful and wanton negligence eliminated the allegation as to passenger relationship.

It is our holding that the allegation of willful and wanton negligence did not control the other allegations in the complaint. Under an allegation that the driver of the car had been guilty of willful and wanton negligence, the plaintiff may show any degree of negligence he can. Willful and wanton negligence is the worst form of negligence, and the allegation as to it would admit evidence of the lesser degree of negligence. The situation is somewhat analogous to an indictment of first degree murder; under such an indictment the defendant may be tried and convicted of a lesser degree of homicide if proved, even if not guilty of first degree murder. *Smalley* v. *State,* 167 Ark. 678, 269 S. W. 49; *King* v. *State,* 117 Ark. 82, 173 S. W. 852; and *Brown* v. *State,* 203 Ark. 109, 155 S. W. 2d 722.

In 38 Am. Jur. 958, ''Negligence'' § 269, the text states that there is a diversity in holdings as to whether degrees of negligence have to be alleged in different counts, and then the text says:

''Other courts have adopted the view that allegations of willful or wanton negligence are mere surplusage and may be disregarded so that recovery may be had on proof of mere negligence or carelessness. Still other courts in permitting recovery for proof of ordinary negligence under an allegation of gross or wanton negligence have done so on the theory that an averment of the greater degree includes the lesser. Many of the courts which adopt the view that recovery may be had for ordinary negligence under an averment of gross, willful, or wanton acts hold that an averment that the act of the defendant was negligently done is sufficient, and under a general averment of negligence, proof of any and every degree of negligence is admissible. The better view would seem to be in favor of permitting a recovery regardless of the refinements attributed by some courts to the terms employed by the pleader.''[1]

The complaint alleged that Melvin Dieter was a ''passenger'' in the car; and under that allegation the plaintiff had a right to offer evidence as to his status. In *Cousins* v. *Cooper,* 232 Ark. 605, 339 S. W. 2d 316, the word ''passenger'' was used to differentiate such status from that of a guest: ''. . . as to whether Cooper was a guest or a passenger, we have no undisputed evidence on that issue.'' There are cases from other jurisdictions which differentiate between ''passenger'' and ''guest'': *Humphreys* v. *San Francisco Area etc.* (Cal. Sup.), 139 Pac. 2d 941; *Riggs* v. *Roberts* (Idaho), 264 Pac. 2d 698; *Bentley* v. *Oldetyme* (N.D.), 298 N. W. 417; *Richards* v. *Parks* (Tenn. App.), 93 S. W. 2d 639; *Woelkl* v. *Latin*

---

[1]Arkansas is liberal on pleadings. Our statute (§ 27-1113 Ark. Stats.), as to the requirements of the complaint, says:
"Third. A statement in ordinary and concise language, without repetition, of the facts constituting the plaintiff's cause of action.
"Fourth. A demand of the relief to which plaintiff considers himself entitled."
An interesting case is *Long* v. *Archer* (Ind.), 46 N. E. 2d 818, in which the complaint alleged that the plaintiff was a "passenger".

(Ohio App.), 16 N. E. 2d 519; *Gale* v. *Wilber* (Va.), 175 S. E. 739; *Long* v. *Archer* (Ind.), 46 N. E. 2d 818; *Cafaro* v. *Cafaro* (N. J.), 184 A. 779; and *Peery* v. *Mershon* (Fla.), 5 So. 2d 694. In "Restatement of the Law on Torts" § 490, the distinction between "passenger" and "guest" is stated:

"The phrase 'passenger in a vehicle' is used to denote the fact that the plaintiff is one who is being carried by another for hire. The word 'guest' is used to denote one whom the owner or possessor of a motor car or other vehicle invites or permits to ride with him as a gratuity, that is, without any financial return except such slight benefits as it is customary to extend as part of the ordinary courtesies of the road."

The status of the occupant of a car, when suing the driver, is ordinarily a matter to be shown by evidence, and is a question of fact for the jury if the status is disputed. We so held in *Brand* v. *Rorke*, 225 Ark. 309, 280 S. W. 2d 906. In *Simms* v. *Tingle*, 232 Ark. 239, 335 S. W. 2d 449, we said:

"We have repeatedly held that when the status of an occupant of a car is questioned and conclusions must be drawn from the evidence, then the issue is one for the jury. *Corruthers* v. *Mason*, 224 Ark. 929, 227 S. W. 2d 60; *Whittecar* v. *Cheatham*, 226 Ark. 31, 287 S. W. 2d 578; *Rogers* v. *Lawrence*, 227 Ark. 117, 296 S. W. 2d 899. Certainly in testing, on demurrer, the sufficiency of the allegations in the complaint as regards status, the analogy would be that evidence should be allowed to clarify the allegations."

In the case at bar, the allegation was that Melvin Dieter was a "passenger", and under that allegation the plaintiff was entitled to offer competent evidence as to his status; and such evidence should have been received so that the issue of status could have been submitted to the jury if the evidence was in conflict and if the other essentials for a recovery were shown. The Trial Court erred in its ruling in this regard.

II. *Competency Of The Proffered Evidence As To The Status Of Melvin Dieter.* As heretofore stated, the Trial Court refused to allow any evidence as to Melvin Dieter's status, but did allow the appellant to make his record as to what a witness would testify on the point. The witness offered was Harrell Dieter, father of Melvin Dieter, and the purport of his testimony was dictated into the record. While this was being done, the attorney for the appellee said: "Your Honor, please, you have already ruled on this; but for the sake of the record I would like to state that we would object to this on the further ground that any testimony regarding a contractual transaction between the deceased, Mr. Bardo, and any party to this lawsuit would be a violation of the 'Dead Man's Statute'." In view of our rule that we sustain the Trial Court if the ruling be correct, regardless of reason assigned (*Williams v. Lauderdale,* 209 Ark. 418, 191 S. W. 2d 455), we find it proper to consider the so-called "Dead Man's Statute". This is found in "Schedule" § 2 to the Arkansas Constitution, and the germane portion reads:

". . . in actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with or statements of the testator, intestate or ward, unless called to testify thereto by the opposite party."[2]

It must be remembered that Melvin Dieter was a minor at the time of the trial and that the style of the action was "Melvin Dieter, by his father and next friend, Harrell Dieter, v. Conley Byrd, Special Administrator of the Estate of W. J. Bardo, Deceased." The question then, in whether Harrell Dieter, being the father and next friend of Melvin Dieter, was prohibited by the "Dead Man's Statute" from testifying as to conversations and agreements with W. J. Bardo in this case against the administrator of Bardo's estate. We reach the conclusion that Harrell Dieter was not a disqualified witness under the

---

[2]In Ark. Law Bulletin Vol. 9 at p. 63 (under date of May 15, 1941), there is an article entitled, "The Dead Man's Statute in Arkansas," by Edgar E. Bethell. Also, in 4 Ark. Law Review on p. 383 *et seq.* there is a discussion of our holdings on the "Dead Man's Statute".

440

''Dead Man's Statute'', because Harrell Dieter was not a real party to the suit. He was a person liable for costs, if the infant lost the action (§ 27-824 Ark. Stats.), and little more than a surety on a bond for costs. Our statute (§ 27-823 Ark. Stats.) says: "Any person may bring the action of an infant as his next friend." In *Buckley* v. *Collins,* 119 Ark. 231, 177 S. W. 920, we said:

''. . . for it is the infant, and not the party who represents him in the litigation, that is the real party to the suit. As is said in *Morgan* v. *Potter,* 157 U. S. 195-8: 'It is the infant, and not the next friend, who is the real and proper party. The next friend, by whom the suit is brought on behalf of the infant, is neither technically nor substantially the party, but resembles an attorney, or a guardian *ad litem,* by whom a suit is brought or defended in behalf of another. The suit must be brought in the name of the infant, and not in that of the next friend.' Under our statute 'the action of an infant must be brought by his guardian or next friend.' Kirby's Digest, § 6021. But whether the suit be brought by the guardian or the next friend, it is at least the suit of the infant and must be brought in the name of the infant by the guardian or the next friend. The infant can not act for himself in bringing a suit, but it is nevertheless his suit, no matter by whom brought.''

The general rule is stated in 58 Am. Jur. 187, ''Witnesses'' § 305, in discussing whether a next friend is disqualified from testifying:

''Although technically a party to the suit, one who sues or defends as a guardian or next friend is competent to testify as a witness in behalf of the person whom he represents regarding a transaction with a person who has died; such a plaintiff or defendant is not a party within the dead man statute.''[3]

[3]The reasoning in the Kentucky case of *Doty* v. *Doty,* 118 Ky. 204, 80 S. W. 803, 2 L.R.A.N.S. 713, 4 Ann. Cas. 1064, is sound and in accordance with our holding here. In addition to the Kentucky case, see also *Begovich* v. *Kruljac,* 38 Wyo. 365, 267 P. 426, 60 A.L.R. 1046; see also case note in 4 Ann. Cas. 1067; and see also annotation in 149 A.L.R. 1130, entitled, "Statute excluding testimony of one person because of death of another as applicable to testimony of surviving party who entered into contract with decedent for the benefit of a third person."

We therefore conclude that the proffered testimony of Harrell Dieter was competent on the status of Melvin Dieter[4] in the Bardo vehicle at the time of the collision, and the Court erred in refusing to allow said testimony to go to the jury.

III. *Other Points Presented.* (a) At the close of the plaintiff's case the Trial Court instructed a verdict for the defendant on the theory that the plaintiff was a guest in the car and had failed to prove willful and wanton negligence. Of course, if Melvin Dieter was a passenger, as distinguished from a guest, then the plaintiff only had to show ordinary negligence, as distinguished from willful and wanton negligence; and we have held that the plaintiff was entitled to show his status. So, at all events, the judgment must be reversed and the cause remanded for a a new trial. On a new trial the evidence as to the degree of Bardo's negligence, if any, will have to be presented to a new jury. We, therefore, forego any discussion as to whether the evidence in the present record was sufficient to take the case to the jury on the issue of willful and wanton negligence.

(b) The Court refused to allow the deposition of Melvin Dieter to be read in evidence, and also refused to allow the deposition of Dr. Coy C. Kaylor to be read in evidence. We are asked to rule on these matters because of another trial. We find it unnecessary to rule on these matters, because if the persons are present or available in court, their testimony is better than their depositions if called by the party who took the depositions; and if the parties are absent, a different issue will be presented.

For the errors herein discussed, the judgment is reversed and the cause remanded.

---

[4]Of course, under the "Dead Man's Statute" Melvin Dieter could not testify as to any transactions he had with the deceased, but he could testify as to the facts of the collision because those facts did not involve a "transaction". See *Rankin* v. *Morgan,* 193 Ark. 751, 102 S. W. 2d 552.