RILEY v. JOHNSON.

5-3479                                                          386 S. W. 2d 942

Opinion delivered February 22, 1965

*Pearson & Pearson,* for appellant.

*Dickson, Putman, Millwee & Davis,* for appellee.

GEORGE ROSE SMITH, J. This is an action by the appellant, Paul Riley, for personal injuries and property damage sustained when his station wagon, which was being driven by his brother Guy, collided with the appellee's Car. Before trial the defendant below took the discovery depositions of the Riley brothers and, on the basis of the facts so elicited, filed a motion for a summary judgment for the defendant. In reviewing such a judg-

ment for the defendant. In reviewing such a judgment we consider the testimony in the light most favorable to the party resisting the motion. *Russell* v. *City of Rogers,* 236 Ark. 713, 368 S. W. 2d 89.

This collision took place at night in the rain upon a rural highway. The defendant, intending to enter the highway, had stopped his car in his driveway a few feet from the edge of the pavement. The defendant's bright lights were burning as the Rileys approached him. Owing to a curve in the road Guy Riley, who was blinded by the lights thought that the other vehicle was moving toward him. Guy dimmed his own lights as a signal for the other driver to dim his, but the defendant ignored this signal. Guy Riley, still thinking that he was meeting an oncoming car, kept edging to his right until he left the pavement. When he finally realized that the other vehicle was standing beside the highway it was too late for him to avoid the collision.

The trial judge, in granting the motion for a summary judgment, quite properly followed our decision in *Wilson* v. *Holloway,* 212 Ark. 878, 208 S. W. 2d 178. That case is directly in point. There the defendant's truck was parked on the shoulder on the wrong side of the highway. The driver failed to dim his bright lights, which blinded the driver of the plaintiffs' car and led him to believe that he was meeting an oncoming vehicle. That driver, as in the case at bar, kept inching to his right and eventually collided with the parked truck. We reversed a judgment for the plaintiffs and dismissed their case, holding as a matter of law that the driver of the truck was free from negligence.

Upon re-examining the question we are unwilling to adhere to the ruling in the *Wilson* case. In that opinion we made no reference to, and apparently overlooked, the statutory requirement that any lighted headlamps on a parked vehicle be dimmed. Ark. Stat. Ann. § 75-707 (Repl. 1957). Similarly, one who operates a vehicle on a roadway or, as here, upon a shoulder adjacent thereto is required to dim his lights for oncoming traffic. § 75-714.

The violation of such a stautory safety provision is evidence of negligence. *Brand* v. *Rorke,* 225 Ark. 309, 280 S. W. 2d 906. This principle is applicable to statutes similar to the one involved here. Blashfield, Cyclopedia of Automobile Law & Practice (Perm. Ed), § 860.

In the case at bar a jury would be justified in finding from the testimony that the defendant's failure to dim his lights was the proximate cause of the collision. We certainly cannot say that fair-minded men could not reach that conclusion. In fact, we consider it to be a matter of common knowledge that not infrequently traffic accidents are the result of a motorist's having been blinded by the glare from bright headlights upon an approaching car. The *Wilson* case, to the extent that it is in conflict with this opinion, is disapproved.

Reversed.