HOFFMAN *v.* DAVIS.

5-3466 387 S. W. 2d 338

Opinion delivered March 1, 1965.

100

*Cockrill, Laser, McGehee & Sharp*, for appellant.

*Francis T. Donovan*, for appellee.

FRANK HOLT, Associate Justice. The appellee brought this action against the appellant to recover damages for personal injuries sustained by her as a result of an accident while riding as a passenger in a car being driven by appellant. When the case was submitted to the jury the court ruled there was no evidence of the alleged wilful and wanton negligence. However, the court submitted to the jury the fact question as to whether the appellee occupied the status of a passenger or a guest and gave the proper instructions. The jury returned a verdict for the appellee in the amount of $8,360.00 and from a judgment on that verdict appellant brings this appeal.

For reversal appellant contends only that there is no substantial evidence that appellee occupied any other status than that of a guest in appellant's vehicle at the time of the accident and, therefore, she was not entitled to recovery upon proof of only ordinary negligence. Ark. Stat. Ann. § 75-913—915 (Repl. 1957) precludes recovery from the owner or operator of an automobile for personal injuries received by a guest except for wilful and wanton misconduct or unless there has been "payment" for the transportation by the passenger. Appellant does not challenge the sufficiency of the evidence as to ordinary negligence but argues that as a matter of law appellee was a guest and no fact question existed for the jury as to whether appellee was a guest or a passenger.

The appellant and his six passengers, including the appellee, are college students at Conway, Arkansas. Appellant and each of the other occupants lived in or near St. Louis and were returning to their respective homes for the Christmas holidays. These students left Conway

about 4:30 A.M. with appellant driving his father's automobile. A few hours later appellant lost control of the automobile and ran into a bridge near Alicia, Arkansas resulting in injuries to appellee. There was evidence that appellant dozed or went to sleep, thus causing the accident. It appears undisputed that the six passengers understood and expected to pay appellant $5.00 which would be a total of $30.00 for this round trip. In fact, appellant admits that, although he would not have refused them a ride, it was the custom and he expected to be remunerated to this extent for his car expenses. None of the passengers ever made any payment for this trip. The previous month, during the Thanksgiving holidays, appellant had transported a load of fellow college students on a similar trip to St. Louis, receiving remuneration from them to defray his car expenses. On that occasion appellee was a passenger and had actually paid appellant $5.00.

Ordinarily, whether or not a passenger is a guest is a question of fact for the jury. *Corruthers* v. *Mason*, 224 Ark. 929, 277 S. W. 2d 60; *Whittecar* v. *Cheatham*, 226 Ark. 31, 287 S. W. 2d 578; *Brand* v. *Rorke*, 225 Ark. 309, 280 S. W. 2d 906; *Simms* v. *Tingle*, 232 Ark. 239, 335 S. W. 2d 449. The guest statute is in derogation of the common law and we must construe it strictly. *Ward* v. *George*, 195 Ark. 216, 112 S. W. 2d 30. There we said that if a passenger's "carriage tends to the promotion of mutual interests of both himself and the driver and operator for their common benefit * * * he is not a guest within the meaning of such enactments". Certainly the carriage of six passengers who expected to contribute and from whom appellant expected to receive a total of $30.00 on a round trip of 400 miles, coupled with the fact that appellee had previously paid $5.00 on such a trip presented, at least, a question of fact for the jury to determine whether the appellee was a guest or a fare-paying passenger within the meaning of our guest statute.

In *Hartsell* v. *Hickman*, 148 F. Supp. 782, the court held that a triable issue was raised as to whether the

passenger paid the driver for expenses on a fishing trip and whether the payments were of such a character as to constitute him a fare-paying passenger. The court said:

"[2] Whatever may be the law in other jurisdictions, see Annotation, 10 A. L. R. 2d 1351, it seems to be well settled in Arkansas that payments by a passenger to the driver raise a fact issue for the jury (or for the Court in an action tried without a jury) as to whether the passenger is a guest under the Arkansas Guest Statute, Ark. Stats. §§ 75-913 to 75-915, or is a fare-paying passenger."

The evil sought to be corrected by this statute is to prevent collusive litigation. *Ward* v. *George, supra; Whittecar* v. *Cheatham, supra;* 1 Ark. L. Rev. 50 and 3 Ark. L. Rev. 101. In the case at bar we think the court was correct in submitting to the jury as a factual issue the status of appellee as a guest or a fare-paying passenger within the meaning of our statute.

Affirmed.