Buffington *v.* Wright.

5-3473                                                      388 S. W. 2d 100

Opinion delivered March 8, 1965.

[Rehearing denied April 12, 1965.]

*Trantham & Knauts,* for appellant.

*Frierson, Walker & Snellgrove,* for appellee.

JIM JOHNSON, Associate Justice. This is an action for personal injuries sustained by three passengers in a car that overturned.

The Corning Business and Professional Women's Club had entered a team in the Women's International Bowling Tournament at Memphis on April 14 and 15, 1963. There were vacancies on the club team when tournament time approached and appellants Carolyn Buffington and Rebecca Waldon Dortch of Corning and Mary Jane Riley of Paragould, who were not club members, were recruited to fill the complement of the club team for the tournament. The club president, Mrs. R. O. Smith, was the team captain and appellee Notra Wright was a team member. Mrs. Smith drove to Memphis for the tournament and picked up appellant Riley on the way. Appellants Buffington and Dortch were two of appellee's passengers to Memphis. Mrs. Smith, the team captain, paid the team's expenses at Memphis including a meal, lodging, entry fees, a team photograph, team shirts, and bought gasoline for appellee's return trip to Corning. After the tournament on April 15th, all the appellants and another team member were to be driven home by appellee, at the behest of Mrs. Smith, who planned to remain in Memphis another night.

The parties had an anxious drive through Memphis, according to appellants' testimony, including misdirections, wrong lanes and courteous drivers who yielded at the last moment, appellants each eagerly offering to drive in appellee's place. After leaving Memphis the drive was uneventful until appellee passed a tractor-trailer near Gilmore. As appellee was pulling back into the right lane after passing the vehicle, she lost control of the car, went off the road to the left and turned over, resulting in injuries to the passengers including appellants.

Appellants filed suit in the Western District of Clay Circuit Court on January 23, 1964, against appellee for their injuries and other damages. The cause came on for trial on April 6, 1964. At the close of appellants' case the trial court granted appellee's motion for a directed

verdict on the ground that appellants were guests in appellee's vehicle. From judgment dismissing the complaint, appellants have prosecuted this appeal.

The question here is whether there has been sufficient evidence presented to make appellants' status as guests a matter for jury determination.

We are dealing here with the so-called guest statutes, Ark. Stat. Ann. §§ 75-913—75-915 (Repl. 1957), which prohibit a guest from suing the owner or operator of a motor vehicle unless there was willful misconduct or willful and wanton operation of the vehicle. § 75-914 defines the term "guest" to "mean self-invited guest or guest at sufferance."

This court has quoted or cited with approval on several occasions, *inter alia, Ward* v. *George,* 195 Ark. 216, 112 S. W. 2d 30; *Simms* v. *Tingle,* 232 Ark. 239, 335 S. W. 2d 449; *Whittecar* v. *Cheatham,* 226 Ark. 31, 287 S. W. 2d 578; Blashfield's summary of the law on geusts as follows:

"One important element in determining whether a person is a guest within the meaning and limitations of such statutes is the identity of the person or persons advantaged by the carriage. If, in its direct operation, it confers a benefit only on the person to whom the ride is given, and no benefits, other than such as are incidental to hospitality, companionship, or the like, upon the person extending the invitation, the passenger is a guest within the statutes; but, if his carriage tends to the promotion of mutual interests of both himself and the driver and operator for their common benefit, or if it is primarily for the attainment of such objective or purpose of the operator, he is not a guest within the meaning of such enactments. Of course, a passenger for hire is not within their operation, regardless of whether the passenger or some one else pays or promises to pay for the transportation." Blashfield, Cyclopedia of Automobile Law and Practice, § 2292.

Ordinarily the issue of whether one is a guest is a question of fact. *Brand* v. *Rorke,* 225 Ark. 309, 280 S. W.

2d 906. ''Viewed in the light most favorable to the party against whom the verdict is [to be] directed, . . . if there is any conflict in the evidence, or . . . the evidence is not in dispute but is in such a state that fair-minded men might draw different conclusions therefrom, it is error to direct a verdict.'' *Smith* v. *McEachin*, 186 Ark. 1132, 57 S. W. 2d 1043; *Spence* v. *Vaught*, 236 Ark. 509, 367 S. W. 2d 238. Review of the record in the case at bar reveals the testimony of appellants about their recruitment for the club's tournament team and the trip to Memphis to promote that end, together with the payment of appellee's gasoline by the team captain, fair-minded men could easily as not conclude the carriage tended to promote the mutual interests of both the passenger and the operator for their common benefit, as well as that payment for the transportation. The state of the record being thus, the trial court erred in directing a verdict at the close of appellants' case.

Reversed and remanded for new trial.

HARRIS, C. J., dissents.