AUSTIN *v.* STRICKLIN

5-3813                                          400 S. W. 2d 671

Opinion delivered March 28, 166

*Howard A. Mayes,* for appellant.

*Kirsch, Cathey & Brown,* for appellee.

FRANK HOLT, Justice. This action relates to our

guest statute. The appellant was injured when the automobile in which he was a passenger collided with an oncoming vehicle. The appellant brought his action against three parties: Appellee Lucius, driver of the car in which appellant was riding, appellee Stricklin, owner of the car, and W. L. Ross, driver of the other vehicle involved in the collision. The jury, upon interrogatories, found the issue in favor of the appellees. On appeal appellant seeks reversal only from that part of the judgment absolving the appellees, Stricklin and Lucius, from any liability to him.

Ark. Stat. Ann. §§ 75-913, -14, -15 (Repl. 1957) precludes recovery from the owner or operator of an automobile for personal injuries received by a guest except for willful and wanton misconduct. The term "guest" as used in the statute means a self-invited guest or a guest at sufferance. The appellant predicated his cause of action upon ordinary negligence and not the willful and wanton misconduct of appellees.

For reversal appellant first contends that the court erred in submitting to the jury by Instruction No. 7, or by interrogatory, the question of his status as a guest in the car owned by appellee Stricklin and driven by appellee Lucius. He argues that the court should have ruled, as a matter of law, that he was not a guest. We cannot agree with appellant's contention. A friend of his, Clyde Stricklin, was injured while operating a tractor. Clyde's grandfather, appellee Stricklin who was the owner of the car in question, requested appellee Lucius to drive Clyde to the hospital. Several people, including appellant, were present rendering assistance at the scene of the accident. Clyde was placed in the car with the aid of appellant. The appellant testified that "someone" directed him to accompany Clyde and in response he got in the front seat with him and Lucius who was driving the car when it collided with the Ross vehicle. Appellant offered other evidence tending to indicate that his presence in the automobile resulted from the express or implied direction of the grandfather who did

not accompany them. Both appellees testified that they did not. request appellant to make the trip and that appellant was, in effect, a self-invited guest.

Whether a passenger is or is not a guest ordinarily is a question of fact for the jury. *Hoffman* v. *Davis,* 239 Ark. 99, 387 S. W. 2d 338; *Whittecar* v. *Cheatham,* 226 Ark. 31, 287 S. W. 2d 578; *Simms* v. *Tingle,* 232 Ark. 239, 335 S. W. 2d 449 and *Buffington* v. *Wright,* 239 Ark. 138, 388 S. W. 2d 100. See, also, *Harkrider* v. *Cox,* 230 Ark. 155, 321 S. W. 2d 226. In the case at bar, when we review the evidence in the light most favorable to the appellees as we must do on appeal, we are of the view that the dispute in the evidence constituted a submissible issue to the jury as to whether appellant was a guest within the meaning of our guest statute. Certainly it cannot be said as a matter of law that appellant was not a guest.

Appellant's counsel, who did not represent appellant in the trial of the case, candidly and correctly concedes that if appellant's status as a guest is a submissible issue to the jury, then appellees are correct in their position that appellant's Points 2 and 3 for reversal are without merit. These points relate to a general objection to a portion of Instruction No. 7. Suffice it to say that upon our consideration of these points we agree there is no merit in either of them.

Affirmed.