## W. D. GRAVES *v.* Jerry MOORE

81-219                                        628 S.W. 2d 564

Supreme Court of Arkansas
Opinion delivered March 8, 1982

*Alan Wooten* and *Toni Swift-Nolan* of *Warner & Smith,* and *Roderick H. Weaver,* for appellant.

*Turner & Mainard* and *Jones, Gilbreath & Jones,* for appellee.

STEELE HAYS, Justice. This appeal involves the effect of the Arkansas Guest Statute (§ 75-913 et seq.) where the driver and passenger are fellow employees.

Jerry Moore and Erby Daniels are employees of Dogpatch USA. With Daniels as passenger, Moore drove his pickup home to get a post hole digger and was struck by William Graves while en route. Daniels was injured and sued Graves, who counterclaimed. Moore's insurance carrier (MFA) intervened to assert subrogation rights against

Graves for its payment to Daniels of $10,000 under the uninsured motorist provision of its policy. Graves denied MFA's allegations and joined Moore and Dogpatch as third-party defendants, asking for judgment over in the event of a recovery by Daniels.

Jerry Moore's answer to Graves admitted that he and Daniels were acting within the scope of their employment but alleged that Daniels was a guest and so not entitled to recover against Moore except on proof of willful and wanton conduct.

Moore then moved for summary judgment alleging no genuine issue of material fact and attaching his affidavit stating he needed the post hole digger for work; that the company truck was out of gas so he used his own truck; that Daniels had not been asked to go but had gone simply for the ride. An affidavit from Daniels substantially tracked Moore's, adding that it became necessary for them to go pick up the post hole digger; that he exercised no control over Moore and had not been asked to go.

The trial court found no genuine issue of material fact and dismissed Graves's complaint. For reversal, Graves argues that it was error to grant summary judgment where reasonable men could differ in their interpretation of existing rights; that it was error to hold as a matter of law that Daniels was a guest in Moore's truck and error to hold as a matter of law that Moore was not guilty of willful and wanton conduct. As we agree with the first two arguments we do not reach the third.

Graves does not argue that if Daniels is found to be a guest within the meaning of the statute then he would not be entitled to indemnification or contribution from Moore unless wanton conduct is proven. *Troutman* v. *Modlin,* 353 F. 2d 382 (8th Cir. 1965). Thus, the only question we need decide is whether the trial court erred in finding as a matter of law that Daniels was a guest in the Moore vehicle.

We have frequently held the status of a passenger with respect to the guest statute is a fact question for the jury's

determination. *Austin* v. *Stricklin,* 240 Ark. 555, 400 S.W. 2d 671 (1966); *Hoffman* v. *Davis,* 239 Ark. 99, 387 S.W. 2d 388 (1965); *Buffington* v. *Wright,* 239 Ark. 138, 388 S.W. 2d 100 (1965); *Simms* v. *Tingle,* 232 Ark. 239, 335 S.W. 2d 449 (1962); *Ward* v. *George,* 195 Ark. 216, 112 S.W. 2d 30 (1937); *Carnes, Admx.* v. *Strait, Judge,* 223 Ark. 962, 270 S.W. 2d 920 (1954). Moreover, because the guest statute is in derogation of the common law, if for no other reason, we have held guest statutes are not to be extended beyond the correction of the evil which induced their enactment. *Ward* v. *George, supra.* Thus, a passenger's claimed status of guest will be closely scrutinized.

Here, the affidavits of Moore and Daniels do not render their relational status under the guest statute closed to genuine dispute. They are interested parties and their statements are open to challenge even where the underlying facts may appear undisputed. *Ball* v. *Hail,* 196 Ark. 491, 118 S.W. 2d 668 (1938). Graves is entitled to have the purposes and motives of their mission as co-employees serving their employer tested under cross-examination and to have the evidence, with the inferences to be drawn from it, decided by the jury as an issue of fact. Appellant points out that even Daniels' affidavit is subject to more than one interpretation, as it states, *"it became necessary* for Jerry Moore and I to drive into Harrison to pick up a post hole digger.'' (Emphasis added.) We conclude that ordinarily where two employees are on a mission for their employer during regular hours of employment the status of the passenger-employee under the guest statute is a question for the jury to decide. See *Ball* v. *Hail, supra.*

We also agree with appellant's argument that even when facts are uncontroverted, as can be said of these, if fair-minded men might honestly differ as to the conclusion to be drawn from those facts, then the question should go to the jury. *Harkrider* v. *Cox,* 230 Ark. 155, 321 S.W. 2d 226 (1959); *St. Louis I.M.& S. Ry.* v. *Fuqua,* 114 Ark. 112, 169 S.W. 786 (1914).

Summary judgment is an extreme remedy and not to be readily employed. Its object is to determine whether there is

an issue to be tried, not to determine the issue itself. *Ashley* v. *Eisele*, 247 Ark. 281, 445 S.W. 2d 76 (1969). Appellant Graves was entitled to have the issue of Daniels' status under the guest statute submitted to the jury.

Reversed and remanded.