The Honorable George Hopkins State Senator 78 Harver Hills Malvern, AR 72104
Dear Senator Hopkins:
This is in response to your request for an opinion regarding Senate Bill 357 which, under Section 1, is entitled the "Two-Year Postsecondary Education Reorganization Act of 1991." Your specific question is as follows:
 Does Section 17, Subparagraph D, of Senate Bill 357 specifically prohibit the spouse of a public official or the spouse of an employee of Ouachita Vo-Tech School from being a member of the Board of Trustees for a technical college as created within this Bill?
Although the answer to your question is not altogether clear from a reading of Section 17(d), it is my opinion that the prohibition under this section may be construed to extend to the spouse of a member of a board of trustees of a school district, community college, or institution of higher learning. Thus, in my opinion, the answer to your question is in all likelihood "no;" section 17(d) does not specifically prohibit the spouse of a public official or the spouse of an employee of Ouachita Vo-Tech School from serving on a local board under SB 357.
The problem in construing Section 17(d) is attributable to the words "or his or her spouse," and the question of their relationship to the preceding clauses. Section 17 sets forth the composition of the local board of trustees of each technical college established or operated under the proposed act, and states under subsection (d):
 No candidate for public office, holder of public office in the state, certified or non-certified employee of a public school district, classified or non-classified employee of any community college, vocational-technical school or any institution of higher learning nor any member of a board of trustees of a school district, of any community college or institution of higher learning, or his or her spouse, shall serve as a member of the local board.
As a general rule, under the doctrine known as the "last antecedent," relative and qualifying words, phrases and clauses refer solely to the last antecedent. 82 C.J.S. Statutes § 334 (1953); 2A Sutherland Stat. Const. § 47.33 (4th ed. 1984);Bell v. Board of Directors, 109 Ark. 433, 160 S.W. 390 (1913). Thus, a proviso is usually construed to apply to the immediately preceding provision or clause. 2A Sutherland, supra. Under another rule of statutory construction, the presence of a comma separating a qualifying clause from the clause immediately preceding it is an indication that the qualifying phrase was intended to modify all of the preceding clauses and not only the last antecedent one. Id.
Because the phrase "or his or her spouse" is separated by commas in this instance, the question arises: "To which preceding clause or phrase do these words apply?" It might be contended that by separating the phrase with commas, the legislature has evidenced its intent for the words "or his or her spouse" to refer to or qualify all of the preceding clauses. Under this contruction, the prohibition would extend to, inter alia, the spouse of a public official or the spouse of a vo-tech school employee. The presence of the disjunctive conjunction "nor" in Section 17(d) must, however, also be considered. This disjunctive suggests that the following phrase, "or his or her spouse," does not refer to the clauses preceding the word "nor," but rather should be construed as only modifying the phrase "any member of a board of trustees of a school district, of any community college or institution of higher learning."
It should be noted that this conclusion would be strengthened by the presence of a comma before the word "nor." Ordinarly, when a conjunction connects two coordinate clauses or phrases, a comma should precede the conjunction in order to prevent the following qualifying phrase from modifying the clause that precedes the conjunction. 82 C.J.S. Statutes § 334. It has also been stated, however, that the courts will disregard punctuation or repunctuate, if necessary, to give effect to what otherwise appears to be the proper and true meaning of the statute. 2ASutherland Stat. Const. § 47.15; Duty v. City of Rogers Benton County, 225 Ark. 309, 500 S.W.2d 347 (1973).
It is my opinion in this instance that by inserting the word "nor" in Section 17(d), the legislature has evidenced its intent for the section to be divided. The section could easily have been drafted without the disjunctive conjunction, to wit, "[n]o candidate for public office, . . . member of a board of trustees of a school district, of any community college or institution of higher learning, or his or her spouse, shall serve as a member of the local board." The qualifying phrase "or his or her spouse" would in that instance be construed as extending to all of the antecedent clauses. As currently drafted, however, Section 17(d) compels us to conclude that the more remote antecedents are not encompassed within the qualifying phrase.
It is therefore my opinion, based upon a construction of Senate Bill 357, that the answer to your question is "no."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb